EDITH KELLY GOULD, Appellant, *v.* FRANK JAY GOULD, Respondent.

First Department, July 14 1922.

**Husband and wife — divorce — motion to vacate judgment in favor of defendant on ground that prior French decree in favor of defendant pleaded as defense was void for failure to file in time — motion denied.**

A motion to vacate a judgment in a divorce action in favor of the defendant, which was based upon a prior divorce granted to the defendant by the French courts, should not be granted on the ground of a failure to file a transcription

of the French judgment within two months after it was granted, with the proper officer, since it appears that such filing is not necessary where an appeal is taken from the judgment, as it was in that action, and where the proper transcriptions of the judgment were filed within the time required after the final judgment was rendered on appeal.

APPEAL by the plaintiff, Edith Kelly Gould, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of February, 1922, denying plaintiff's motion for an order vacating the judgment entered on the 29th day of July, 1921, and for leave to plaintiff to serve amended reply.

*Jenks & Rogers* and *Eugene E. Sperry* [*Gustavus A. Rogers* of counsel; *Gardiner Conroy* and *Harry L. Kreeger* with him on the brief], for the appellant.

*Leonard & Walker* [*Samuel Seabury* of counsel; *Walter B. Walker* with him on the brief], for the respondent.

PAGE, J.:

The only point made in this appeal which has not been disposed of on former appeals in this action is the claim that by reason of the failure to file a transcription of the judgment of the Civil Tribunal of Versailles within two months after it was granted with the proper officer of civil status, rendered the judgment null and void. Article 252 of the French Civil Code states that at the time of filing such transcription " a certificate that no appeal has been taken therefrom, shall be served at the same time."

An appeal was taken in the case to the Court of Appeal at Paris, and from its judgment to the Court of Cassation. An affidavit of an expert in French law is presented by the defendant which states that the two months does not begin to run when an appeal has been taken until the rendition of the final judgment on the appeal, which would seem necessarily to be the fact from the requirement that a certificate that no appeal has been taken must be served when the transcription is filed. The exemplified extract " du registre des actes de Mariage de l'Année 1921 " shows the proper transcription of the judgments to have been made within thirty-five days of the rendition of the final judgment of the Court of Cassation. There is no merit in this appeal.

The order should be affirmed.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order affirmed, without costs.