■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SAPORITA and ROBERT STEVENSON, Appellants.—Appeals by the defendants from two judgments (one as to each of

them) of the Supreme Court, Queens County (Browne, J.), each rendered June 12, 1986, convicting John Saporita of tampering with public records in the first degree (three counts), falsifying business records in the first degree (two counts), falsifying business records in the second degree, and leaving the scene of an accident without reporting, and convicting Robert Stevenson of tampering with public records in the first degree and falsifying business records in the second degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are reversed, on the law and as a matter of discretion in the interest of justice, the first, second, third, fourth, fifth and seventh counts of the indictment are dismissed, and a new trial is ordered as to the sixth count of the indictment charging the defendants Saporita and Stevenson with tampering with public records in the second degree, and as to the eighth count of the indictment charging the defendant Saporita with leaving the scene of an accident without reporting.

The evidence adduced during the instant trial, viewed in a light most favorable to the People, indicates that at between 5:45 P.M. and 6:00 P.M. on April 27, 1985, a police vehicle, designated as number 9081, collided with a bicycle near the intersection of 244th Street and 136th Avenue in the Rosedale section of Queens County. The girl riding the bicycle received minor injuries as a result of the collision, and the driver of the vehicle, while aware of the occurrence of the collision, failed to stop and report the accident. There is, furthermore, sufficient evidence in the record to support an inference that the defendant John Saporita was the operator of the police vehicle involved in the accident and that, at his behest, the codefendant Robert Stevenson knowingly altered police records in order to create the impression that at 5:15 P.M., Saporita had returned vehicle number 9081 and had continued his tour of duty in another car.

The jury, *inter alia,* (1) convicted the defendants of acting in concert to commit the crime of tampering with public records in the first degree as charged in the first count of the indictment, (2) convicted the defendant Saporita of an additional two counts of tampering with public records in the first degree, as charged in the second and third counts of the indictment, (3) convicted Saporita of the crime of falsifying business records in the first degree (two counts) as charged in the fourth and fifth counts of the indictment, and (4) convicted the defendants of acting in concert to commit the crime of

falsifying business records in the second degree as charged in the seventh count of the indictment.

All of the crimes charged in the aforementioned counts contain, as a material element, the "intent to defraud" *(see,* Penal Law §§ 175.25, 175.10, 175.05 [1]). In its charge to the jury, the court defined the word "defraud" as follows: "The term defraud means to cheat or deprive another person of property or a thing of value or a right" *(see,* 2 CJI[NY] PL 175.25, at 1203; *see also,* 2 CJI[NY] PL 175.10, 175.05 [1]). No objection was taken by the People to this part of the court's charge and they became bound by it *(People v Malagon,* 50 NY2d 954, *revg* 67 AD2d 883; *People v Bell,* 48 NY2d 913, *rearg denied* 49 NY2d 801; *People v Guardino,* 286 NY 132; *People v Nicoll,* 3 AD2d 64, 74-75).

On the instant record, the jury could have found that the defendants tampered with, or falsified, public records with the intent to "cover up" the automobile accident and thereby shield Saporita from disciplinary action by the police department. That conduct, however, is insufficient to establish an "intent to defraud", as charged, since in the instant record, there is no evidence that "another person" was deprived of any property or right as a result of the defendants' conduct regarding the public records. Accordingly, counts one, two, three, four, five and seven of the indictment must be dismissed (CPL 470.20 [2]). There was, however, sufficient evidence in the record (1) to establish that the defendants committed the crime of tampering with public records in the second degree, as charged in the sixth count of the indictment, which is a lesser included offense of tampering with public records in the first degree and does not contain the "intent to defraud" as a material element, and (2) to support the jury's verdict convicting the defendant Saporita of the crime of leaving the scene of an accident without reporting as a misdemeanor, as charged in the eighth count of the indictment *(see,* Vehicle and Traffic Law § 600 [2] [a], [b]). Nevertheless, the defendants are entitled to a new trial on these counts due to prosecutorial misconduct which was committed during the trial.

During the trial, it was the position of both defendants that the defendant Saporita had returned vehicle number 9081 at 5:15 P.M. and had continued his tour of duty in vehicle number 9082. Saporita claimed that he drove vehicle 9082 to the S & P Collision shop, arrived there at 5:30 P.M., and remained there until after 6:00 P.M. Stevenson claimed that, as part of his duties, he recorded on police documents the fact that at 5:15 P.M., Saporita had made the change in the

vehicles. A third police officer testified that he had in fact seen Saporita at the precinct at 5:15 P.M., and thereby corroborated the defendants' testimony in that respect.

The defendant Saporita produced, as a witness on his behalf, one of the employees of S & P Collision. During the cross-examination of this witness, the prosecutor asked whether the witness knew that S & P Collision had been placed on the "corruption hazard list for the New York City Police Department". The question was withdrawn before a response was made.

Later, however, this line of questioning resurfaced during the prosecutor's cross-examination of a character witness produced by the defendant Stevenson. The prosecutor was permitted, over specific objection, to ask this witness, a police captain, whether he had promulgated a "corruption location list" and whether this list included S & P Collision. The witness replied in the affirmative.

This line of questioning by the prosecutor constituted reversible error.

On the instant appeal, the People argue, *inter alia,* that the evidence to the effect that S & P Collision was on a "corruption location list" was relevant on the issue of Saporita's credibility, since it demonstrated that Saporita visited an "unsavory hangout". We reject the People's argument.

There is simply no justification for the admission into evidence of the testimony that S & P Collision was named on a "corruption location list". The fact that the defendant Saporita visited that location is not, in and of itself, an immoral or bad act. Moreover, inquiry as to a prior immoral or bad act of a particular witness, for the sole purpose of impeaching that witness's credibility, is a collateral matter. This line of inquiry must be pursued during the cross-examination of the particular witness, in this case Saporita, the questioner being bound by the witness's answers, and not through the use of extrinsic proof as was done in the case at bar *(People v Duncan,* 13 NY2d 37; *People v McCormick,* 303 NY 403; Richardson, Evidence §§ 491, 498 [Prince 10th ed]).

In view of the sharp questions of credibility raised in this case, the proof of the defendants' guilt of the crime of tampering with business records in the second degree and the proof of Saporita's guilt with respect to the crime of leaving the scene of an accident without reporting was far from overwhelming. Accordingly, the prosecutor's error cannot be considered harmless, and, since the People's case against Saporita

and Stevenson was so closely interwoven, a new trial must be granted with respect to the sixth count of the indictment charging both defendants with tampering with public records in the second degree and the eighth count of the indictment charging Saporita with leaving the scene of an accident without reporting.

In view of our determination herein, we need not address the argument of the defendant Saporita that the sentence imposed upon him was excessive. However, we note that Saporita was illegally sentenced to a term of imprisonment of one year for having committed the crime of leaving the scene of an accident without reporting as a misdemeanor, since that crime, absent any proof that Saporita committed the same crime in the past, is a class B, not a class A misdemeanor, and carries a maximum term of imprisonment of three months (Vehicle and Traffic Law § 600 [2] [b]; Penal Law § 70.15).

We have reviewed defendants' remaining contentions and find them to be without merit. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.