OPINION OF THE COURT
William A. Kelly, J.
The defendant has moved for an order dismissing count 1 of the indictment on the grounds that the evidence presented to the Grand Jury was not legally sufficient to establish that the *518 defendant had the intent to defraud anyone and that the report at issue was not made pursuant to defendant’s duties as a police officer. The People have opposed the defendant’s motion.
In support of his arguments that no intent to defraud was proved before the Grand Jury, the defendant cites People v Saporita (132 AD2d 713 [2d Dept 1987], lv denied 70 NY2d 937). The trial court in Saporita had used the New York Criminal Jury Instructions (CJI) definition of defraud as follows: " 'The term defraud means to cheat or deprive another person of property or a thing of value or a right’ ” (132 AD2d, at 715). The Appellate Division, Second Department, stated that the People had not objected to this definition and they had become bound by it. Defendant Saporita was a police officer who was alleged to have falsified police records with the intent to cover up an automobile accident and to shield himself from disciplinary action. The court found that conduct to be insufficient to establish an "intent to defraud” as charged since there was no evidence that "another person” was deprived of any property or right as a result of the defendant’s actions. A review of the Penal Law article 175 crimes illustrates that the use of the term "intent to defraud” is not qualified by any language which limits their applicability to property or pecuniary loss.
When the Legislature intended to limit the scope of a fraud statute it has done so (i.e., Penal Law §§ 195.20, 190.60). While several Penal Law fraud statutes are directed specifically to preventing property or pecuniary loss, the fraud crimes in article 175 of the Penal Law are not so delimited and therefore the "intent to defraud” terminology must be interpreted so as to effectuate their object, spirit and intent. A court must interpret a statute in light of the purpose underlying its enactment.
Both the People and the defendant have discussed People v Coe (131 Misc 2d 807 [Sup Ct, NY County 1986], affd 126 AD2d 436, affd 71 NY2d 852), which involved a nurse who omitted from her nursing notes any facts relating to her search of a patient. The trial court found that the intent to defraud required by Penal Law § 175.10 is the "[i]ntent to defraud anyone”. (Supra, at 812.) The trial court stated the target of the intent to defraud could have been the facility, the patient’s relatives, the defendant’s supervisors, or others. Similarly in this case it may be that the target of the intent to defraud could have been the defendant’s supervisors, the *519 defendant’s employer, or the victim of the assault himself. The Court of Appeals found the defendant’s challenge to her conviction for a lesser included charge, with the same element of intent to defraud, to be without merit.
Although CJI refers to the object of the intent to defraud as being "another person”, there seems to be no basis in law to require the defrauded entity to be a person. In fact, because the crime involves the false entry or omission of information from business records, the defrauded party is most likely to be a business entity rather than a person. (See, Penal Law § 175.00 [1].) The decision in People v Saporita (supra) appears to rely heavily upon the fact that the trial court gave the CJI instruction without objection by the People, so that the People were then limited to showing that another person was intended to be defrauded. Since the instant matter has not yet proceeded to trial, and this court does not believe the CJI instruction at issue correctly defines the statutory language, a dismissal of count 1 on this ground is not warranted.
Similarly, the language in the CJI instruction which refers to depriving another of "property or a thing of value or a right” is language which should be given more than just a commercial meaning. The enterprises which can be the victims of the falsification of business records include "any entity of one or more persons, corporate or otherwise, public or private, engaged in business, commercial, professional, industrial, eleemosynary, social, political or governmental activity.” (Penal Law § 175.00 [1].) The interest of these various entities in keeping accurate business records goes far beyond their economic concerns and certainly extends to the rights of the entities and others which may be infringed by false records. In People v Kase (76 AD2d 532, 537 [1st Dept 1980], affd 53 NY2d 989), the court favorably cited the Federal rule that, in a prosecution for filing a false instrument, it is not necessary to show that the Government suffered a property or pecuniary loss from the fraud citing Hammerschmidt v United States (265 US 182, 188). It was sufficient to show that the Government’s legitimate official action and purpose were impeded. Accordingly, this court will impose no requirement that the Grand Jury presentation establish a commercial or property loss.
Finally, the defendant argues that he was under no duty to file the report which is the business record in which he allegedly omitted to make a true entry. A review of the Grand Jury minutes has convinced this court that sufficient evidence *520 was presented to the Grand Jury to show that the nature of defendant’s position as a police officer imposed such a duty upon him.
Therefore, the defendant’s motion to dismiss count 1 of the indictment is denied.