■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GODOFREDO RAMIREZ, Also Known as ALFREDO PADILLA, Appellant.—Judgment affirmed. Memorandum: Defense counsel waived any right defendant may have had to a pretrial hearing on the issue of the execution of the search warrant when he agreed with the trial court that no hearing was necessary on that issue.

The evidence was sufficient to convict defendant of scheme to defraud in the first degree by scheming to defraud 10 or more persons. In addition to the evidence, which defendant admits was sufficient to prove that defendant schemed to defraud three entities, there was sufficient evidence from which the jury could reasonably infer that defendant acted in concert with his wife to scheme to defraud seven additional entities.

We reject defendant's contention that the evidence was insufficient to convict him of forgery in the second degree because, in using an assumed name, he did nothing to suggest that the assumed name was the name of someone else *(see, People v Levitan,* 49 NY2d 87, 90). Here, the name used by defendant on his credit application was the name of a real person who had a good credit rating and the record shows that

this person did not give defendant authority to use his name. Under these circumstances, the instrument made by defendant, purported "to be an authentic creation of its ostensible maker or drawer, but [was] not such * * * because the ostensible maker or drawer * * * did not authorize the making or drawing thereof" (Penal Law § 170.00 [4]). Insofar as the case of *People v Jackson* (139 AD2d 837, *lv denied* 72 NY2d 919) suggests a contrary result, we decline to follow it.

All concur, except Callahan, J. P., who dissents and votes to hold the case, reserve decision and remit the matter for a hearing, in the following memorandum.

Callahan, J. P. (dissenting). I cannot agree with the majority's conclusion that defense counsel waived any right defendant may have had to a pretrial hearing on the issue of the execution of the search warrant. The People concede that defendant properly made a suppression motion. The minutes of the pretrial conference establish that defense counsel had "no quarrel with the issuance of the warrant itself" and agreed that no hearing was necessary on that issue. Defense counsel, however, did not either expressly or impliedly waive defendant's right to a hearing on the separate issue of proper execution of the warrant. Defendant, in his motion papers, alleged, *inter alia,* that the search warrant was not a "no-knock" warrant; that the police executed it without first giving notice of their authority or purpose; that the Troopers entered the house without first identifying themselves and seized items without showing the warrant, despite a request to do so. The remedy for a violation of the notice provision of the governing statute is suppression of the evidence *(see,* CPL 690.50; *People v Mecca,* 41 AD2d 897). Defendant's allegations, if true, would support the granting of a suppression motion and consequently defendant is entitled to a hearing. The propriety of the denial of a suppression motion must be judged on the evidence before the suppression court and evidence subsequently admitted at trial cannot be used to support the suppression court's denial *(People v Millan,* 69 NY2d 514, 518; *People v Wilkins,* 65 NY2d 172, 180; *People v Dodt,* 61 NY2d 408, 417). We should, therefore, hold this appeal and remit this matter to County Court for a suppression hearing *(see, People v Martinez,* 111 AD2d 30). (Appeal from judgment of Onondaga County Court, Burke, J.—forgery, second degree.) Present—Callahan, J. P., Doerr, Boomer and Pine, JJ.