■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA RAMIREZ, Appellant.—Judgment modified on the law

and as modified affirmed, in accordance with the following memorandum: The court did not err in refusing to grant defendant a hearing on the issue of the execution of a search warrant because defendant's attorney acquiesced in the agreement between the court and the attorney for codefendant that no hearing on that issue was necessary. Moreover, defendant's motion papers failed to set forth sworn facts sufficient to entitle her to a hearing. The evidence was sufficient to convict defendant of forgery in the second degree *(see, People v Ramirez,* 168 AD2d 907 [decided herewith]).

We reject defendant's argument that the evidence was insufficient to convict her of the crimes of falsifying business records and issuing a false financial statement. Citing *People v Saporita* (132 AD2d 713, 715, *lv denied* 70 NY2d 937), defendant contends that an element of those crimes, "intent to defraud", requires that a person "be deprived of property or a thing of value or a right" and no person was deprived of property or a thing of value or right. In *People v Saporita (supra),* the court charged a definition of "intent to defraud" which was not met by the evidence offered by the People. Here, however, the court, in its charge, gave a different definition of intent to defraud, which was met by the evidence produced. The evidence shows that defendant intended to defraud various store owners by applying for and obtaining credit cards in the name of another person when she could not get credit in her own name and that she intended to deceive those stores and induce them to extend credit to her, which, but for her misrepresentation, they would not have done. That evidence proved defendant's "intent to defraud" as defined by the court's charge.

The evidence was insufficient to convict defendant of the crime of petit larceny under the theory of false promise as charged by the court. The only promise that may be implied by defendant's action in obtaining the merchandise on credit was that she would pay for them, and there is no proof that, at the time the promise was made, defendant did not intend to pay.

Accordingly, the judgment is modified by reversing the conviction for petit larceny under the 28th count of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment.

All concur, except Callahan, J. P., who dissents, in part, and votes to hold the case, reserve decision and remit the matter for a hearing, in the following memorandum.

Callahan, J. P. (dissenting). I respectfully dissent. In my view, the record fails to support the majority conclusion that defendant's attorney waived defendant's right to a pretrial hearing on the issue of the execution of the search warrant. Defense counsel agreed that no hearing was necessary on the issuance of the warrant, but did request a hearing to determine whether the police officer executed the search warrant in compliance with its terms and the statute (CPL 690.50). The court improperly denied that request. The statute specifically provides that the officer must give notice of his authority and purpose to an occupant before entry and exhibit the warrant or a copy thereof upon request (CPL 690.50 [1]). The failure to knock and give notice prior to the execution of the warrant requires suppression of all evidence seized *(see, People v Ferguson,* 115 AD2d 333). Thus, it was essential for the court to conduct a hearing prior to the trial to determine whether the warrant was properly executed. We should, therefore, hold this appeal and remit the matter to County Court for a suppression hearing *(see, People v Martinez,* 111 AD2d 30). (Appeal from judgment of Onondaga County Court, Burke, J. —forgery, second degree.) Present—Callahan, J. P., Doerr, Boomer and Pine, JJ.