◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE GARCIA, Appellant. [650 NYS2d 689] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered November 29, 1993, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's claim that the court violated CPL 270.15 (3) when it continued with voir dire in the absence of the first seven sworn jurors is unpreserved for appellate review as a matter of law since counsel's request to return the jurors to the courtroom was untimely (*see, People v Graham*, 207 AD2d 721, *lv denied* 84 NY2d 907; *cf., People v Agramonte*, 87 NY2d 765, 770), and we decline to review it in the interest of justice. Were we to review it, we would find that the court properly declined to return the jurors to the courtroom solely to hear defense counsel's questioning of the remaining jurors. In any event, any error would be harmless since defendant has not demonstrated any " ' "real prejudice" ' " (*People v Cruz*, 204 AD2d 212, 213, *lv denied* 83 NY2d 1003).

The People were not required to give notice pursuant to CPL 710.30 of defendant's admission that he was left-handed, which statement was made in response to a pedigree question appearing on a standard on-line booking sheet (*People v Ennis*, 197 AD2d 404, *lv denied* 82 NY2d 849), even though the statement

"had some inculpatory value" (*People v Thomas*, 195 AD2d 301, *lv denied* 82 NY2d 904).

Defendant's contentions regarding the propriety of conducting a CPL 60.20 competency examination of the 12-year-old witness in front of the jury, are unpreserved for review, defendant having waited until after the People had rested to object (*People v Hicks*, 226 AD2d 189), and never having objected on the constitutional grounds now raised (*People v Iannelli*, 69 NY2d 684), and we decline to review them in the interest of justice.

Defendant was properly adjudicated a second felony offender based on his 1989 conviction for attempted robbery in Nevada. The court appropriately looked to the underlying amended information to identify the statutory crime of which defendant had been accused (*People v Gonzalez*, 61 NY2d 586, 590; *People v Muniz*, 74 NY2d 464, 468). Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.