OPINION OF THE COURT
Charles J. Markey, J.
At a time of heightened national attention to the issue of “homeland security,” the case at bar presents facts regarding altered passports that have never been previously raised in the New York courts.
Defendant Rosa Chive is charged, by a second superceding misdemeanor information, dated April 26, 2001, with criminal impersonation in the second degree (Penal Law § 190.25 [1]) and two counts of criminal possession of a forged instrument in the third degree (Penal Law § 170.20).
Upon the foregoing papers, specifically, the defendant’s omnibus motion, filed on October 9, 2001, the defendant seeks an order dismissing all charges against her on grounds of facial insufficiency, suppressing physical evidence or a hearing on the admissibility of such evidence, and precluding the People from using at trial her oral statement to a police officer.
The Facts
Initially, the court notes that this is the third accusatory instrument attempted by the People. Previous instruments included the original information signed by Officer Kenneth *655 McCann, of the 13th Police Precinct, on February 11, 2001, and a first superceding information signed by Officer McCann on March 14, 2001.
According to the second superceding information, on February 11, 2001, on Austin Street (not Austin Boulevard, as that street is incorrectly labeled), in Queens County, the defendant was sitting in the front passenger seat of a vehicle that had been stopped for a traffic infraction. The second superceding information, aside from the aforementioned error in describing the street where the incident allegedly took place, fails to provide a description of the vehicle, any information regarding the car’s registration, the defendant’s ownership interest in the vehicle, the name of the driver, the defendant’s relationship with the driver, and the type of alleged infraction for which the car was stopped. The foregoing items of information would all be pertinent in determining the issue of defendant’s standing with regard to the police search. Even on this motion, neither the motion papers nor the papers in opposition attempt to fill in these missing holes.
The information continues that, pursuant to an inventory search of the vehicle, Police Officer McCann found a cosmetics purse. Defendant told the police officer that the purse belonged to her. Inside the purse was a passport issued by the government of Thailand to a Jennifer Ross. The original picture had been removed, and defendant’s photograph was glued in its place. The defendant advised the officer that she was Jennifer Ross.
Officer McCann then found another passport in the car. The second passport he recovered was issued by the government of the Philippines, and the true name of the person to whom the passport had been issued was obliterated. The defendant’s photograph was glued to this second passport.
Later, the defendant told the police officer, at a time that her arrest was being processed at the 112th Police Precinct, that her name was Rosa Chive.
The Statutes
Penal Law § 190.25 (1) provides: “A person is guilty of criminal impersonation in the second degree when he * * * [i]mpersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another.” Conviction of this crime requires proof that the defendant impersonated a real person and not simply used some fictitious or assumed name. (People v Sadiq, 236 AD2d 638 [2d *656 Dept], lv denied sub nom. People v Sikandar, 89 NY2d 1100 [1997]; People v Nuhibian, 201 AD2d 962 [4th Dept] [“(T)he People made no effort to prove that the identity assumed by defendant was that of a real person”], lv denied 83 NY2d 856 [1994]; see, e.g., People v Powell, 59 AD2d 950 [2d Dept 1977] [statute was not violated where the People failed to prove that “Howard C. Jackson” was anything but a name used by defendant Powell to secure a driver’s license].)
The “benefit” to the miscreant contemplated by the statute prohibiting criminal impersonation need not be monetary. The benefit may consist of the desire to avoid apprehension or prosecution. (People v Sherman, 116 Misc 2d 109 [Rochester City Ct 1982].) Similarly, the Criminal Jury Instructions for New York defines “[W]ith intent to * * * defraud” as “to cheat or deprive another person of property [or a thing of value] [or a right].” (3 CJI[NY] PL 190.25 [2] at 1301; accord, People v Tanner, 153 Misc 2d 742 [Crim Ct, NY County 1992]; 2 CJI[NY] PL 170.45 [2] at 1131.) The term “defraud” cannot be cabined neatly, as misguided human deviousness attempts constantly to explore and lend to fraud new outlets for expression. (See, People v Reynolds, 174 Misc 2d 812, 828 [Sup Ct, NY County 1997]; 60A NY Jur 2d, Fraud and Deceit § 1 [fraud is any deception or artifice employed by one person “to deceive or gain an unfair advantage to the detriment of another”].) In interpreting “intent to defraud,” in short, a court must effectuate the object, intent, and spirit of the statute. (People v Schrag, 147 Misc 2d 517, 518 [Rockland County Ct 1990].)
Penal Law § 170.20 provides: “A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument.” A conviction of this crime requires knowledge that the instrument was forged together with an intent to defraud or deceive. (People v Vesprey, 183 AD2d 212, 217 [1st Dept 1992], lv denied 81 NY2d 894 [1993].)
The Law
With regard to the charge of criminal impersonation, stemming from the discovery of the passport from Thailand issued to Jennifer Ross, the defendant seeks dismissal. Citing the aforementioned law that it is insufficient for conviction to show that the defendant used an assumed name, the defendant argues that the People have not demonstrated in the accusatory instrument or by any other proof that “Jennifer Ross is an actual person who was issued a Thai passport.”
*657 Defendant’s counsel misses the point. The government of Thailand issued a passport to Jennifer Ross. That name was not conjured up by the defendant. The name appears on the passport. A presumption of regularity adheres to governmental acts. (United States Postal Serv. v Gregory, 534 US 1, —, 122 S Ct 431, 436 [2001] [“(A) presumption of regularity attaches to the actions of government agencies”]; Matter of Abrahams v New York State Tax Comma., 131 Misc 2d 594, 595 [Sup Ct, Westchester County 1986] [government agencies are presumed to act honestly and in accordance with the law].) This presumption of regularity also attaches to the actions and procedures of foreign governments. (Murarka v Bachrack Bros., 215 F2d 547, 553 [2d Cir 1954]; Monaco v Dulles, 210 F2d 760, 762 [2d Cir 1954]; Interco, Inc. v Federal Trade Commn., 490 F Supp 39, 46 [US Dist Ct, DC 1979]; see, Ramm v Ramm, 34 AD2d 667 [2d Dept 1970], affd on opn below 28 NY2d 892 [1971]; Matter of Inkpen v Lehigh Constr. Co., 12 AD2d 692 [3d Dept 1960], lv denied 9 NY2d 609 [1961]; Gould v Gould, 119 Misc 845 [Sup Ct, NY County], affd 202 App Div 492 [1st Dept 1922].)
In light of these legal presumptions, this court can presume that there is a Jennifer Ross who was given a passport by the government of Thailand. The argument thus advanced by defendant, claiming that she used an assumed name, is inapposite.
Defendant argues next that the People have failed to prove the second element of the crime of criminal impersonation, requiring that one obtain a benefit or injure or defraud another. Defendant argues that defendant did not present the passport issued by Thailand as identification to the police officer, was not arrested at an airport with fake identification, and did not offer it at a border crossing in Thailand. Defendant is again incorrect. The benefit need not be monetary. The benefit can be “to avoid problems or prosecution under defendant’s real name.” (People v Sherman, supra, 116 Misc 2d at 110.)
In the present case, the defendant falsely identified herself to the arresting officer as Jennifer Ross. Even though she did not present the passport issued by Thailand to the police officer when she falsely identified herself, that passport was available to her as an attempted means of corroborating her story. Defendant thus obtained a nonmonetary benefit by holding herself out as Jennifer Ross to avoid prosecution.
The defendant may have had real reason to pass herself off as another person. As revealed by the court papers, on February 8, 2001, three days before the arrest on the present matter, *658 the defendant had been arrested in New York County, at the 13th Police Precinct, on charges of forging a deed, will, or codicil, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree both involving an allegedly stolen credit card, and criminal impersonation in the second degree. She had been arrested on February 8 under the name of Rosa Chive. Thus, on February 11, when the vehicle she was riding was stopped and she was questioned as to her identity, she may have had ample reason to avoid detection by using the name of Jennifer Ross. (See, People v Sherman, supra, 116 Misc 2d at 110.) The officer who arrested her in Queens County on February 11, interestingly, was Kenneth McCann of the 13th Police Precinct in New York County.
The court, in addition, finds that the use of the name of Jennifer Ross injured the police officer in the performance of his duties, in the sense that it impeded the officer. Using the name of Jennifer Ross also was an attempt to defraud the officer.
Similarly, with the charge of criminal possession of a forged instrument in the third degree surrounding the passport from Thailand, the court finds that, contrary to defendant’s arguments, the statute is offended when such possession is done with intent to deceive, defraud, or injure another. Here, defendant used the name provided on the passport — even though she did not present the passport itself to the police officer — in her attempt to convince, or, actually deceive, him to believe that she is Jennifer Ross.
Accordingly, the defendant’s challenges to the charges of criminal impersonation in the second degree and criminal possession of a forged instrument in the third degree, involving the use of the passport from Thailand, are rejected. The branch of the motion seeking to dismiss those charges regarding the Thailand passport are, accordingly, denied.
The passport issued by the government of the Philippines, however, stands on a different footing. There was no name on the passport. The name had been obliterated. Only defendant’s photograph had allegedly been glued on the passport. While it is inconceivable that a law-abiding citizen would take a validly issued passport from a foreign government and then mutilate it by obliterating the name and gluing on a different photograph, the passport itself was not offered to anyone and, more important, as posited above, the name appearing on such passport was not given to anyone. Although the intended use of the passport from the Philippines with defendant’s photograph on it may have contemplated an illegit *659 imate use, the People cannot prove that defendant used it in any manner to injure, deceive, or defraud as required by Penal Law § 170.20.
Accordingly, the defense motion to dismiss one count of the charge of criminal possession of a forged instrument in the third degree, pertaining to the passport from the Philippines, is granted.
Defendant seeks to preclude the People from using her statement made to the police officer at the 112th Police Precinct where she admitted that she was Rosa Chive, not Jennifer Ross. The People concede that notice was not served on defendant within 15 days of the defendant’s arraignment, held on February 12, 2001. The People contend that such statement should not be precluded since it is pedigree information. The court agrees with the People’s position and determines that the People are not precluded from using such statement. (See, People v Rodney, 85 NY2d 289 [1995]; People v Espinal, 262 AD2d 245 [1st Dept], lv denied 93 NY2d 1017 [1999], petition for habeas corpus denied 2000 WL 1774960 [SD NY, Dec. 4, 2000, Sweet, J.]; People v Fletcher, 258 AD2d 470 [2d Dept], lv denied 93 NY2d 899 [1999].) A response to a pedigree question that includes inculpatory information will not be precluded. (See, e.g., People v Garcia, 234 AD2d 93 [1st Dept 1996], lv denied 89 NY2d 1035 [1997].)
Defendant next requests a hearing to suppress the tangible evidence found in the vehicle, consisting of the two passports. The defendant’s motion implicates the issue of whether she has proper standing. The court determines that the defendant has no standing to contest the search of the car, but that she has standing to contest the stop of the vehicle and the personal search of her effects. (See, People v Desir, 285 AD2d 655 [2d Dept 2001] Hacks standing as to vehicle]; People v Nicodemus, 247 AD2d 833 [4th Dept], lv denied 92 NY2d 858 [1998] [passenger can challenge stop of car]; People v Hooper, 245 AD2d 1020 [4th Dept 1997] [no standing as to search of vehicle]; People v Poree, 240 AD2d 597 [2d Dept], lv denied 90 NY2d 1013 [1997] [no standing on vehicle search]; People v Hernandez, 177 Misc 2d 882 [Sup Ct, Bronx County 1998] [can challenge stop].)
The branch of the motion for suppression of physical evidence is thus granted to the extent that a Mapp-Dunaway hearing is ordered regarding the stop of the vehicle and the search of the defendant’s personalty. (See, Dunaway v New York, 442 US 200 [1979]; Mapp v Ohio, 367 US 643 [1961]; CPL 710.60 [4].)
*660 The court will also permit the defendant leave to renew her motion for a hearing regarding the search of the vehicle provided that she can demonstrate a reasonable expectation of privacy. See the discussion above regarding the items of information that the parties failed to provide to the court that would shed light on the defendant’s relationship with the driver and pertaining to her ownership interest in the vehicle. (See, People v Fredericks, 234 AD2d 472 [2d Dept 1996]; People v Di Lucchio, 115 AD2d 555, 556-557 [2d Dept 1985], lv denied 67 NY2d 942 [1986]; accord, People v Hooper, supra, 245 AD2d at 1021.)