*729 OPINION OF THE COURT
Gerald Harris, J.
Defendant, Roger Simmons, is charged with fraudulent accosting (Penal Law § 165.30 [1]) and criminal possession of a forged instrument in the third degree (Penal Law § 170.20). He moves to dismiss both charges for facial insufficiency. The motion also seeks (i) suppression of the physical evidence or, alternatively, a Dunaway /Mapp hearing, (ii) preclusion of any unnoticed statement or identification evidence, (iii) preclusion of the use at trial of defendant’s prior criminal history or misconduct, and (iv) discovery and a bill of particulars.
Facial Sufficiency
The complaint alleges that the deponent officer observed the defendant approach a woman, Maria Straznicka, while holding a wallet. The officer observed defendant engage Ms. Straznicka in conversation as she waved him away. The defendant was then observed waving over the codefendant, Juanita Lamb, after which the defendant was observed walking away from both women. The codefendant was subsequently observed engaging in conversation with Ms. Straznicka while walking beside her.
The complaint also alleges that a plastic police shield was recovered from the defendant’s jacket pocket. It is further alleged that the plastic police shield was forged, in that it did not contain a state, city or county description. Numerous “forged” Glen Cove Luxury Condominium Corporation stock certificates were recovered from the codefendant. It is alleged that the stock certificates were forged, in that they were unsigned. Finally, it is alleged that several pieces of cut newspaper, bound together to simulate the appearance of money, were also recovered from the codefendant.
An information or a count thereof is facially sufficient if there are allegations in the factual portion of the accusatory instrument which, when read together with any supporting depositions which may accompany the instrument, (1) provide reasonable cause to believe that the defendant committed the offense(s) charged, and (2) establish, if true, by nonhearsay allegations, every element of the offense (s) charged and the defendant’s commission thereof. (CPL 100.40 [1] [c], [b].) The information must establish a prima facie case for the offense charged or it must be dismissed. (People v Alejandro, 70 NY2d 133 [1987].) The facts may establish a prima facie case, for purposes of pleading an offense, even if those facts would not be *730 legally sufficient to prove guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].)
The defendant argues that the information fails to establish that he did anything other than approach Ms. Straznicka and engage in conversation with her while holding a wallet. He further maintains that there are no factual allegations which establish that he held the forged badge, spoke to anyone about it, or attempted to use it in any manner.
Fraudulent Accosting
A person is guilty of fraudulent accosting when he accosts a person in public with intent to defraud him of money or other property by means of trick, swindle or confidence game. (Penal Law § 165.30 [1].)
It is well settled that intent (and intent to defraud in particular) may be established by circumstantial evidence, and may be implied from defendant’s conduct and/or the surrounding circumstances. (People v Collins, 178 AD2d 789 [3d Dept 1991]; People v Carey, 103 AD2d 934 [3d Dept 1984].) Moreover, the fraudulent accosting statute contains a presumption with regard to the element of intent. It provides that “[a] person who, either at the time he accosts another in a public place or at some subsequent time or at some other place, makes statements to him or engages in conduct with respect to him of a kind commonly made or performed in the perpetration of a known type of confidence game, is presumed to intend to defraud such person of money or other property.” (Penal Law § 165.30 [2].)
While the allegations in the complaint create an aroma of incipient fraud, they are not sufficient to provide reasonable cause to believe that the defendant committed the crime of fraudulent accosting, and even if deemed true, fail to establish, for pleading purposes, every element of the offense. There are no allegations in the complaint as to what was said to Ms. Straznicka when defendant approached and engaged her in conversation. Nor is there any indication that the wallet which the defendant held in his hand at the time he approached Ms. Straznicka was shown to her, opened to reveal its contents, or even discussed.
Arguably, this factual deficiency might have been cured by the sworn statement of the deponent officer outlining his training and expertise, and opining that the defendant and his accomplice appeared to be engaging in acts in furtherance of a known confidence game more fully described by the officer.
*731 Without such support, there is nothing in the complaint from which the court may reasonably infer that the defendant was acting in concert with the codefendant or was engaged in a known confidence game. Therefore, the complaint fails to allege facts which provide reasonable cause to believe that the defendant committed the offense of fraudulent accosting and defendant’s motion to dismiss that count is granted.
Criminal Possession of a Forged Instrument in the Third Degree
A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument. (Penal Law § 170.20.) In order to make the charge facially sufficient, the complaint must allege facts establishing that the defendant possessed an instrument that was, in fact, forged, that the defendant had knowledge that the instrument was forged, and that he possessed the instrument with intent to defraud, deceive, or injure another. (People v Vesprey, 183 AD2d 212, 217 [1st Dept 1992].) A “forged instrument” means a written instrument which has been falsely made, completed or altered. (Penal Law § 170.00 [7].) This definition does not encompass possession of a facsimile of a police badge. Indeed, the wrongful use of a facsimile badge is expressly dealt with in Penal Law §§ 190.25 and 190.26. However, the complaint does not charge a violation of either of those statutes and, in any event, does not contain factual allegations required to establish the elements of pretense or intent to defraud required thereunder.
Thus, the complaint does not allege that defendant identified himself as a police officer, showed the “fake” shield to anyone or used it in any manner. Furthermore, even if a badge can be construed, somehow, as a written instrument, there is no allegation that the badge contained written matter identifying a particular law enforcement agency or municipality. Mere possession of a facsimile badge, which does not falsely purport to be, on its face, the symbol of an identifiable agency, cannot be the basis for a charge of criminal possession of a forged instrument.
Finally, there is nothing in the complaint to establish that the unsigned stock certificates recovered from the codefendant were forged instruments or that their possession may be imputed to defendant. There are no factual allegations regarding their authenticity, their ownership, whether they were stolen, or how *732 they came into the codefendant’s possession. (People v Green, 53 NY2d 651 [1981].) The complaint fails to allege that defendant had knowledge of the existence of the certificates and there are no facts alleged from which the court may infer scienter. (Green, supra.) Moreover, mere possession of the documents by the co-defendant, without any facts regarding their presentation or reference, does not establish an intent to defraud on the part of either the defendant or the codefendant. While the intended use of the certificates may have contemplated an illegitimate purpose, the complaint has not alleged any facts to show that defendant used them to injure, deceive or defraud as required by Penal Law § 170.20. (People v Chive, 189 Misc 2d 653 [Crim Ct, Queens County 2001].)
Based on the foregoing, the motion to dismiss the count charging criminal possession of a forged instrument in the third degree is also granted.
Other Motions
Defendant’s remaining motions are rendered moot.