OPINION OF THE COURT
Alex J. Zigman, J.
The defendant is charged with the following: (1) criminal impersonation in the second degree (Penal Law § 190.25); (2) criminal possession of a forged instrument in the third degree (Penal Law § 170.20); and (3) driving by unlicensed driver (Vehicle and Traffic Law § 509 [1]).
The defendant moves by omnibus motion for the following: (1) dismissal of the accusatory instrument; (2) a bill of particulars; (3) discovery; (4) preclusion of identification evidence; (5) suppression of physical evidence; (6) suppression of statement evidence; (7) a Sandoval motion; and (8) reservation of rights. The motion is decided as follows:
Dismissal of the Accusatory Instrument
A legally sufficient information must contain nonhearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof. An information that fails to satisfy these requirements is jurisdictionally defective (CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]).
*298 In reviewing an accusatory instrument for facial sufficiency, *‘[s]o long as the factual allegations of an information give the accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the court should give it “a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]). Furthermore, the Court of Appeals in People v Allen (92 NY2d 378 [1998]) held that at the pleading stage, all that is needed is that the factual allegations are sufficiently evidentiary in character and tend to support the charges.
The relevant section of the complaint is as follows:
“Deponent states that at the above mentioned date, time and place of occurrence he observed the defendant, Jay Makwana, driving a 2007 Grand Am automobile, and observed the defendant operating said automobile in an unsafe manner in that he was backing up said vehicle around a corner.
“Deponent states that when he stopped the defendant and requested the defendant’s license, registration, and insurance, the defendant produced a wallet, opened it up, and displayed a shield resembling a Detective shield with the imprint ‘Police Department City of New York Detective — DEA’ at which point the defendant stated that he was with the DEA.
“Deponent further states that the defendant then admitted that he works at a Verizon store.
“Deponent further states that he searched the defendant’s name on the New York City Police Department system, which revealed that the defendant does not and has never worked for the New York City Police Department.
“Deponent further states that the defendant failed to produce a valid drivers license and deponent obtained a read a [sic] teletype printout which indicated that the defendant does not have a valid drivers license . . . .”
Count one: Penal Law § 190.25 (3) states that
“[a] person is guilty of criminal impersonation in the second degree when he . . .
“3. (a) Pretends to be a public servant, or wears or displays without authority any uniform, badge, insignia or facsimile thereof by which such public servant is lawfully distinguished, or falsely expresses *299 by his words or actions that he is a public servant or is acting with approval or authority of a public agency or department; and (b) so acts with intent to induce another to act in reliance upon that pretense.”
The complaint alleges that the defendant, during a routine traffic stop and in response to the police officer’s request for identification, “displayed a shield resembling a detective shield with the imprint ‘Police Department City of New York Detective — DEA.’ ” The defendant initially told the police officer he was with the DEA and then retracted that statement and admitted he was employed at a “Verizon” store. A search of New York City Police records confirmed that the defendant was not employed by the department.
The defendant argues that count one is facially insufficient because the complaint fails to allege facts to establish that the defendant intended to induce the police officer to act in reliance upon his pretense. It is well settled that intent may be inferred from the defendant’s actions. The factfinder could infer from the defendant’s actions that he intended to use his deception as a means of gaining favorable treatment from the police officer. As such, count one is legally sufficient for pleading purposes in that it alleges facts that tend to establish that the defendant committed the offense charged. Accordingly, with regard to count one, the defendant’s motion is denied.
Count two: Penal Law § 170.20 states that “A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument” (emphasis added). “Forged instrument” is defined as “a written instrument which has been falsely made, completed or altered” (Penal Law § 170.00 [7] [emphasis added]).
“ ‘Written instrument’ means any instrument or article, including computer data or a computer program, containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person” (Penal Law § 170.00 [1] [emphasis added]).
The defendant argues that count two is facially insufficient because the complaint fails to allege facts to establish that the *300 defendant possessed a forged instrument. In support of his argument, he relies on the case of People v Simmons (2 Misc 3d 728 [Crim Ct, NY County 2003]), which held that the definition of forged instrument (Penal Law § 170.00 [7]) does not encompass possession of a facsimile police badge. The People argue that the facts in this case can be distinguished from Simmons and that, as such, it does not apply.
The Simmons court held that the definition of a forged instrument “does not encompass possession of a facsimile of a police badge” (2 Misc 3d at 731). The complaint in Simmons, however, failed to allege that the defendant identified himself as a police officer, showed the fake shield to anyone, or that the shield itself contained written matter identifying a particular law enforcement agency or municipality.* Indeed, in Simmons, the shield in question was described as a “plastic police shield” recovered from the defendant’s pocket (2 Misc 3d at 729). As a result, the Simmons court further ruled that “[m]ere possession of a facsimile badge, which does not falsely purport to be, on its face, the symbol of an identifiable agency, cannot be the basis for a charge of criminal possession of a forged instrument” (2 Misc 3d at 731).
The Court of Appeals, in People v Gottlieb (36 NY2d 629 [1975]), in reviewing the legislative intent and definitional interpretation to be applied to Penal Law article 170, held that “ ‘[t]he term “written instrument” ... is broadly defined. It covers every kind of document and other item deemed susceptible of deceitful use in a “forgery” sense.’ ” (36 NY2d at 632 [emphasis added].) The complaint herein alleges that the defendant “displayed a shield resembling a Detective shield with the imprint ‘Police Department City of New York Detective — DEA’ ” and that he verbally identified himself as being “with the DEA.” Clearly, in this case, the facsimile of a police badge alleged to have been in the defendant’s possession meets the definitional criteria of article 170. The badge was an instrument containing written or printed matter constituting a symbol or evidence of identification which is capable of being used to the advantage or disadvantage of some person. Accordingly, the defendant’s motion seeking dismissal of count two is denied.
Count three: Vehicle and Traffic Law § 509 (1) states
*301 “[e]xcept while operating a motor vehicle during the course of a road test conducted pursuant to the provisions of this article, no person shall operate or drive a motor vehicle upon a motor highway of this state or upon any sidewalk or to or from any lot adjacent to a public garage, supermarket, shopping center or car washing establishment or to or from or into a public garage or car washing establishment unless he is duly licensed pursuant to the provisions of this chapter.”
The complaint alleges that the defendant was observed operating a motor vehicle in an unsafe manner on a public roadway. When requested by the officer, the defendant was unable to produce a valid driver’s license and a computer readout, arguably admissible as a business record, confirmed that he did not have a valid license. These allegations, if true, tend to establish that the defendant committed the offense charged. Accordingly, the defendant’s motion seeking dismissal of count three is denied.
Bill of Particulars
The defendant’s motion seeking a bill of particulars is granted to the extent authorized by CPL 200.95 and not previously provided by the People.
Discovery
The defendant’s motion seeking discovery is granted to the extent authorized by CPL 240.20 and not previously provided by the People.
Preclusion of Identification Evidence
The defendant’s motion seeking preclusion of identification evidence is referred to the trial court for decision. The court notes that the People have not indicated that they intend to introduce identification evidence at trial.
Suppression of Physical Evidence
The defendant’s motion seeking suppression of physical evidence is granted to the extent that a Mapp/Dunaway hearing is ordered.
Suppression of Statement Evidence
The defendant’s motion seeking suppression of statement evidence is granted to the extent that a Huntley/Dunaway hearing is ordered.
*302 Sandoval Motion
The defendant’s Sandoval motion is referred to the trial court for decision.
Reservation of Rights
The defendant’s motion to reserve the right to make further motions is granted to the extent authorized by CPL 255.20 (3).

 Unlike the Simmons ease, all of these elements are present in the case before this court.