■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERT KING, Respondent. [606 NYS2d 647] —Order, Supreme Court, New York County (James A. Yates, J.), entered January 5, 1993, granting defendant's motion to suppress physical evidence seized in connection with his arrest, and suppressing his contemporaneous inculpatory statement, unanimously reversed, on the law and the facts, the motion for suppression denied, and the case remanded for further proceedings on the indictment charging criminal possession of a controlled substance in the third and fifth degrees.

On a Saturday night in January 1992, defendant and a co-defendant, Bernard Daise, who has absconded, were observed by two Port Authority police officers experienced at drug surveillance and arrests, engaging in suspicious activity at the corner of 8th Avenue and 42nd Street in Manhattan, in the vicinity of the Port Authority Bus Terminal. From directly across the street, the officers observed the two men standing in a well-lit area, furtively looking back and forth. During this period a number of individuals approached Daise, handed him money, and were directed to defendant standing about 15 feet away. Defendant was then seen extracting something from his pocket and handing it to the individuals, who would then clench it in their fist or place it in their mouth before walking away rapidly. The officers observed this activity from two different vantage points before moving in. As one officer approached defendant, the latter turned about and started walking away. When the officer yelled "Yo," defendant

stopped. Observing defendant's clenched fist, the officer said "Open your hand." Defendant complied, revealing what appeared to be a vial of crack cocaine. A pat-down yielded 54 more vials in defendant's pocket.

Co-defendant Daise, who had also tried to walk away, was searched and found to be carrying cash and a beeper. Although no questions were asked of either individual, defendant blurted out "You only got me for possession, not sale." This statement was repeated after defendant was read his rights.

The suppression court ruled that there was no probable cause to search. In doing so, the court found no adequate proof that the vicinity across the street from the Port Authority Bus Terminal was a drug-prone area.

We have recently had occasion to find that this specific area of Manhattan is indeed "a location known for illegal drug activity" (People v Shaw, 193 AD2d 390, lv denied 82 NY2d 759). There we followed the elements the Court of Appeals had held crucial to probable cause for arrest in People v McRay (51 NY2d 594): experienced narcotics police, operating in an area known for high narcotics trafficking, observing "telltale signs of drug activity". The "telltale sign" in McRay was the furtive transfer of bundles of filled glassine envelopes; in Shaw it was the delivery of objects from a crumpled paper bag, heightened by the flight of a party to the latest of the observed transactions. Here, we have experienced officers (each with over a hundred drug surveillance arrests), at the identical location as in Shaw, observing a pattern of behavior which included hand-to-hand transfers of money, steering of potential buyers from the money man to the supplier, and delivery of unidentified objects, always concealed, some of which were immediately placed in the mouth of the buyer. Again, suspicion of criminal activity was heightened by each defendant's attempted flight upon approach by the police. This observed pattern provided reasonable suspicion sufficient to justify a stop and inquiry (People v Cedeno, 193 AD2d 540, lv denied 82 NY2d 715), even though the object of the transactions remained concealed from view. Under the circumstances, the officer's command to "open your hand" was an appropriate form of inquiry, and recognition of the object in defendant's hand constituted probable cause to arrest. The 55 vials of crack were thus fruits of that justifiable arrest, and defendant's spontaneous inculpatory statements were likewise admissible. Concur—Sullivan, J. P., Wallach, Asch and Nardelli, JJ. [See, People v King, 156 Misc 2d 573.]