■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE LOVING, Appellant. [624 NYS2d 19] —Judgment, Supreme Court, New York County (Patricia Anne Williams, J.), rendered April 20, 1993, convicting defendant, upon a plea of guilty, of criminal possession of a controlled substance in the

fifth degree and sentencing him, as a second felony offender, to 2½ to 5 years, unanimously affirmed.

After the experienced narcotics officer witnessed activity that looked like something was being traded and other suspicious interaction between three men at 1:10 A.M. in an area the officer described as a "drug supermarket", his approach to defendant for inquiry was founded upon a reasonable suspicion of criminal activity *(People v Rivera,* 175 AD2d 78, *lv denied* 78 NY2d 1129). Defendant's abandonment of the bag was not in response to unlawful police conduct, and the vials found inside provided the officer with probable cause for defendant's arrest *(People v Matienzo,* 81 NY2d 778; *People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969). Consequently, his statements were also not the product of illegal police activity *(see, People v King,* 200 AD2d 487, *lv denied* 83 NY2d 873) and were admissible as spontaneous declarations *(People v Maerling,* 46 NY2d 289, 302-303).

We decline to disturb defendant's bargained-for sentence which was neither harsh nor excessive. Concur—Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.