■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Also Known as ROBERT BRAWN, Appellant. [627 NYS2d 47] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered July 20, 1993, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The report of an unidentified citizen informant of a described person selling drugs at a particular location was sufficient to give the police a right to inquire (see, People v Kadan, 195 AD2d 174, 178, lv denied 83 NY2d 854), and defendant's subsequent conduct observed by the police, which included his making a throwing motion toward his mouth, elevated this to reasonable suspicion (see, People v King, 200 AD2d 487, lv denied 83 NY2d 873).

Denial of defendant's motion to suppress his statements to the police was also proper as the officer's questioning on the scene did not constitute custodial interrogation (see, People v Huffman, 41 NY2d 29), and defendant's statement in the police vehicle was spontaneous and not preceded by any police questioning (see, People v Huffman, 61 NY2d 795). Moreover, since the officer's observations of the bottom of a crack vial in defendant's mouth and vials in defendant's pocket, which we do not find incredible as a matter of law, provided probable cause for defendant's arrest, the statements are not suppressible as fruit of the poisonous tree (see, Dunaway v New York, 442 US 200). Concur—Murphy, P. J., Rubin, Kupferman, Asch and Nardelli, JJ.