■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEO DESTINE, Appellant. [629 NYS2d 205] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered July 14, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

The testimony of the experienced observing officer and the arresting officer established that they were working as a team in the vicinity of the Port Authority, an area known for illegal drug activity (People v King, 200 AD2d 487, 488, lv denied 83 NY2d 873), when the first officer observed an unapprehended man hand money to defendant, whereupon the codefendant, who was standing next to defendant, gave two vials containing crack/cocaine to the man and one vial to the man's companion, and defendant then gave the companion $1 in change. Where, as here, the observing officer motioned to the second officer to arrest defendant, " 'it [was] not necessary for the officer making the arrest * * * to be, himself, in possession of information sufficient to constitute probable cause provided that he act[ed] upon the direction of or as a result of communication with a * * * brother officer' who had probable cause to arrest" (Matter of Alton J., 196 AD2d 764, quoting People v Horowitz, 21 NY2d 55, 60). We have considered defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Tom, JJ.