OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant, a passenger in a vehicle whose stop for a traffic offense ultimately resulted in the seizure of a quantity of crack and powder cocaine, was found guilty of criminal possession of a controlled substance in the first degree, conspiracy in the second degree, and criminal possession of a controlled substance in the seventh degree. The Appellate Division, with one Justice dissenting, affirmed the judgment of conviction, ruling, among other things, that defendant had no standing to contest the search of the automobile.
 

 Defendant’s primary claim on this appeal is that although he was neither the driver nor the owner of the vehicle, he nevertheless had standing to challenge its search pursuant to the limited form of automatic standing still recognized by this Court
 
 (see, People v Millon,
 
 69 NY2d 514). Because defendant failed to assert this claim at the suppression hearing, his contention is not preserved for our review.
 

 Here, a vehicular search conducted with the driver’s consent yielded a small amount of powder cocaine concealed in the rear seat. As a result, all of the vehicle’s occupants were arrested under the "automobile presumption” that all four knowingly possessed the contraband
 
 (see,
 
 Penal Law § 220.25 [1]). Subsequently, a much larger amount of crack cocaine was recovered from the person of one of the passengers, LaTonya Porter. Porter was allowed to plead to a reduced charge, and testified for the People before the Grand Jury. The remaining three defendants were indicted on conspiracy and felony possession charges related to the crack cocaine. Only defendant Carter was charged additionally with the smaller amount of powder cocaine recovered from the automobile seat.
 

 In general, a defendant seeking to suppress evidence, on the
 
 *723
 
 basis that it was obtained by means of an illegal search, must allege standing to challenge the search and, if the allegation is disputed, must establish standing
 
 (see, Jones v United States,
 
 362 US 257, 261;
 
 People v Ponder,
 
 54 NY2d 160, 165;
 
 see also, People v Gonzalez,
 
 68 NY2d 950, 951; 33 NY Jur 2d, Criminal Law, § 1728). Defendant made no assertion of standing to challenge the search of the vehicle in his omnibus motion or thereafter, even though the People consistently contested defendant’s standing throughout the proceedings.
 

 Accordingly, because defendant did not contend at the trial level that he had standing to contest the search of the vehicle pursuant to
 
 People v Millan (supra),
 
 or indeed on any other basis, his argument is not preserved for our review.
 

 We have considered defendant’s remaining contentions and find them without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.