■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD M. FREDERICKS, Respondent. [651 NYS2d 139] —Appeal by the People, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Thorp, J.), entered July 6, 1995, as granted that branch of the defendant's omnibus motion which was to suppress identification evidence, and (2) an order of the same court entered September 11, 1995, as upon reargument adhered to the prior determination. Justice Joy has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order entered July 6, 1995, is dismissed, as that order was superseded by the order entered September 11, 1995, made upon reargument; and it is further,

Ordered that the order entered September 11, 1995, is reversed insofar as appealed from, on the law, so much of the order entered July 6, 1995, as granted that branch of the defendant's omnibus motion which was to suppress identification evidence is vacated, that branch of the defendant's omnibus motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The defendant allegedly committed certain robberies in Nassau County in September and October of 1993. He was arrested

later in October 1993 when the automobile in which he was riding was stopped for speeding by police in Georgia. The driver of the car attempted to evade the pursuing officers. When the car was finally stopped, the driver was arrested and the car was found to contain, *inter alia,* numerous assault weapons and a silencer. Possession of the silencer violated Georgia law. Thereafter, the defendant was also arrested.

Incident to the arrest of the driver, Georgia police recovered a wallet allegedly taken from one of the Nassau County robbery victims. Following communications with Nassau County police, the Georgia officers transmitted the defendant's photograph and fingerprints to the Nassau County police who thereafter obtained successful photographic and line-up identifications of the defendant from several robbery victims. The Supreme Court suppressed the identification evidence concluding that following what was initially a routine traffic stop, Georgia police lacked probable cause to search the car, without which the incriminating evidence would have never been discovered. We now reverse.

It is well settled that a defendant seeking to challenge a search and seizure must demonstrate a legitimate expectation of privacy in the area searched (*see, People v Wesley,* 73 NY2d 351; *People v Ponder,* 54 NY2d 160). While a passenger of an automobile possesses standing to challenge the *stop* of a car as unlawful (*see, People v Dawson,* 115 AD2d 611), no challenge has been raised to the legitimacy of the stop in this case and as a mere passenger, the defendant otherwise failed to establish a legitimate expectation of privacy necessary for him to have standing to contest the search of the lawfully stopped vehicle (*see, Rakas v Illinois,* 439 US 128; *People v Reynolds,* 216 AD2d 883; *People v Finley,* 145 AD2d 434). Accordingly, inasmuch as the defendant lacks any basis to seek the suppression of the identification evidence, that branch of his omnibus motion which seeks the suppression of this evidence must be denied.

We have considered the defendant's remaining contentions and find them to be without merit. Miller, J. P., Joy, Altman and Krausman, JJ., concur.