■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST POREE, Appellant. [661 NYS2d 12] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered November 21, 1994, convicting him of conspiracy in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find that the defendant, a mere passenger, has no standing to challenge the search of a lawfully-stopped vehicle with respect to which he demonstrated no legitimate expectation of privacy (see, People v Tejada, 81 NY2d 861; People v Wesley, 73 NY2d 351; People v Ponder, 54 NY2d 160; People v Fredericks, 234 AD2d 472; People v White, 232 AD2d 437; cf., People v Millan, 69 NY2d 514). Also, because "[n]o presumption [was] used to secure [the defendant's] conviction" (People v Wesley, supra, at 361), the doctrine of automatic standing does not apply (see also, People v Tejada, supra; People v Carter, 199 AD2d 817, affd 86 NY2d 721). On the present appeal, the People may raise the issue of the defendant's lack of standing as an alternative ground for affirmance (see, People v Jackson, 207 AD2d 805; see also, People v Abreu, 239 AD2d 424).

In any event, the record supports the conclusion that the officer, prior to conducting the search, had reason to fear for his

own safety based on the possible presence of a gun. At the time the search was conducted, there were two occupants still seated in the rear of the vehicle. This circumstance, taken in conjunction with all the other circumstances revealed in the record, justifies the conclusion that the search was lawful "based on the reasonable belief that the defendant [or the other occupant of the back seat was] armed and posed a threat to the police officers' safety" (*People v Espala*, 223 AD2d 461, 462; *cf., People v Torres*, 74 NY2d 224 [search of unoccupied vehicle]).

The defendant's remaining contentions are without merit. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.