■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE L. BALLARD, Appellant. [794 NYS2d 60]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered November 22, 2000, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied these branches of the defendant's omnibus motion which were to suppress a loaded pistol recovered from the vehicle in which he was an occupant, and a subsequent statement he made to police. Based upon the specific description of the vehicle allegedly involved in a shooting one to two weeks earlier, which was confirmed before the investigatory traffic stop, the hearing court properly found that there was reasonable suspicion that the driver or the occupants of the vehicle had committed, were committing, or were about to commit a crime (*see People v Spencer,* 84 NY2d 749 [1995], *cert denied* 516 US 905 [1995]; *People v Ingle,* 36 NY2d 413 [1975]). Accordingly, the stop of the vehicle was justified.

The hearing court properly concluded that the operator of the

vehicle voluntarily consented to the search (*see People v Richards*, 119 AD2d 597 [1986]). The defendant, a mere passenger, lacked standing to challenge the search of a lawfully-stopped vehicle with respect to which he demonstrated no legitimate expectation of privacy. Moreover, where, as here, the defendant's possession of the weapon was not based solely on a statutory presumption of possession, the doctrine of automatic standing does not apply (*see People v Millan*, 69 NY2d 514 [1987]; *People v Poree*, 240 AD2d 597 [1997]).

A reasonable person, innocent of any crime, would not have believed that he was in custody at the time the defendant made his statement (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Parsad*, 243 AD2d 510 [1997]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statement (*id.*).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.