■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHANNES GONZALEZ, Appellant. [810 NYS2d 87]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (LaCava, J.), rendered June 12, 2003, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (three counts), and criminal possession of marijuana in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Police Officer Stephen Smith's decision to stop the vehicle in which the defendant was a passenger was justified by his observation that the driver had committed a traffic infraction (*see People v Robinson*, 97 NY2d 341, 351-353 [2001]; *People v Romeo*, 15 AD3d 420 [2005]). At the suppression hearing, the defendant failed to carry his burden of establishing his standing to contest the search of the lawfully-stopped vehicle (*see People v Tejada*, 81 NY2d 861 [1993]; *People v Ballard*, 16 AD3d 697, 698 [2005]; *People v Phillips*, 260 AD2d 582, 583 [1999]). In any event, his entirely unprovoked flight, leaving the vehicle and his companions and running off a highway and into the woods, constituted an abandonment of the 11-pound brick of cocaine and other narcotics found in the trunk of the car and undermined any claim to a reasonable expectation of privacy he might otherwise have had (*see People v Byrd*, 304 AD2d 490 [2003]; *People v Perez*, 301 AD2d 434, 435 [2003]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.