THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAUN ROBINSON, Respondent. [832 NYS2d 585]—

Appeal by the People from an order of the County Court, Suffolk County (Gazzillo, J.), dated November 30, 2005, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's omnibus motion which was to suppress physical evidence and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

We agree with the People's contention that the branch of the defendant's omnibus motion which was to suppress physical evidence should have been denied. The decision of Police Officer Corso to stop the vehicle was justified by his observation that the driver of the vehicle was not wearing a seat belt in violation of Vehicle and Traffic Law § 1229-c (3) (*see Whren v United States,* 517 US 806, 810-814 [1996]; *People v Robinson,* 97 NY2d 341, 348-349 [2001]; *People v Gonzalez,* 25 AD3d 620 [2006]; *People v McCoy,* 239 AD2d 437 [1997]; *People v Mikel,* 152 AD2d 603, 604 [1989]). The defendant, a mere passenger, lacked standing to challenge the search of a lawfully-stopped vehicle with respect to which he demonstrated no legitimate expectation of privacy (*see People v Ballard,* 16 AD3d 697, 698 [2005]). Moreover, the defendant did not have automatic standing since the People were not relying on the statutory presumption of Penal Law § 220.25 (1) (*see People v Millan,* 69 NY2d 514, 520 [1987]; *People v Fredericks,* 234 AD2d 472, 473 [1996]; *People v Carter,* 199 AD2d 817, 819 [1993], *affd* 86 NY2d 721 [1995]). In any event, once the officer observed the plastic bag of what appeared to be cocaine in plain view, he was entitled to seize the narcotics and arrest the defendant (*see People v Haynes,* 16 AD3d 434 [2005]; *People v King,* 266 AD2d 239 [1999]).

However, the defendant was entitled to suppression of a statement he made to Police Officer Corso. The spontaneity of a statement must be "genuine and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly *employed*" (*People v Maerling,* 46 NY2d 289, 302-303 [1978] [emphasis added]; *see People v Reese,* 248 AD2d 411 [1998]; *People v Brown,* 216 AD2d 3 [1995]). The statement made by the defendant was not genuinely spontaneous as it was prompted by the inquiry of the officer (*see People v Facciolo,* 288 AD2d 392 [2001]; *cf. People v Leftenant,* 22 AD3d 603 [2005]; *People v Roper,* 208 AD2d 571 [1994]). Accordingly, the Supreme Court properly determined that the inculpatory statement was prompted by the functional equivalent of a custodial interrogation, and thus was subject to suppression. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.