THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GARCIA, Appellant. [834 NYS2d 259]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered September 4, 2003, convicting him of kidnapping in the first degree, criminal possession of a weapon in the third degree (two counts), and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The circumstances of the defendant's arrest in terms of the temporal and geographical proximity to the scene of the crime, his possession of various instrumentalities of the crime, and the forensic evidence, coupled with the identification by the victim's father-in-law of the defendant as the man who came to the house to collect the ransom, firmly established

his role in the crimes. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Further, the police lawfully stopped the vehicle (*see People v Robinson,* 97 NY2d 341, 349-353 [2001]; *People v Gonzalez,* 25 AD3d 620, 621 [2006]; *People v Romeo,* 15 AD3d 420 [2005]). The police officer's decision to open the trunk of the stopped vehicle to see if the missing kidnap victim was inside was justified under the emergency exception doctrine (*see People v Molnar,* 98 NY2d 328, 332 [2002]; *People v Alster,* 28 AD3d 490, 491 [2006]). The defendant's contention that the police officer did not have probable cause to move an NYPD T-shirt, which was covering a handgun, once it had been determined that no one was inside the trunk, is unpreserved for appellate review. Accordingly, that branch of the defendant's motion which was to suppress physical evidence, to the extent reviewed, was properly denied. In any event, the defendant, who was a passenger in the car, lacked standing to contest the search of the lawfully-stopped vehicle (*see People v Gonzalez, supra; People v Ballard,* 16 AD3d 697, 698 [2005]; *People v Phillips,* 260 AD2d 582 [1999]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.