■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKIR HEWITT, Appellant. [919 NYS2d 204]—

The defendant's contention that the police lacked probable cause to arrest him is without merit. The evidence at the suppression hearing established that at the time they took the defendant into custody, the police had probable cause to arrest the defendant based on information provided by identifiable citizens that he had committed a crime (*see People v Maldonado*, 86 NY2d 631, 635 [1995]; *People v Cooper*, 38 AD3d 678, 679 [2007]; *People v Cotton*, 143 AD2d 680 [1988]).

The defendant's contention that the photo array from which the complainant selected his picture was unduly suggestive is without merit. There were no characteristics of the defendant's picture that made it stand out in any way from the others in the array, so as to draw a viewer's attention to it and indicate that the police had "made a particular selection" (*People v Curtis*, 71 AD3d 1044, 1045 [2010]; *see People v Ferguson*, 55 AD3d 926 [2008]; *People v Wright*, 297 AD2d 391 [2002]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

The defendant's contention that his statement to the police should have been suppressed because he never received *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) is without merit. Detective Wilson's testimony at the suppression hearing that he read the defendant *Miranda* warnings, and that the defendant indicated that he understood those warnings and would speak to the police, was uncontroverted by the defendant. The hearing court found Wilson's testimony to be credible, and there is no basis to disturb that determination (*see People v Stevens*, 223 AD2d 609 [1996]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence because the defendant had no standing to challenge the

search of the vehicle from which the evidence was recovered. The hearing evidence established that the defendant was a mere passenger in the vehicle, with respect to which he demonstrated no legitimate expectation of privacy, and he does not allege that the vehicle was unlawfully stopped (*see People v Robinson*, 38 AD3d 572, 573 [2007]; *People v Ballard*, 16 AD3d 697, 698 [2005]; *People v Poree*, 240 AD2d 597 [1997]; *People v Fredericks*, 234 AD2d 472, 473 [1996]). Furthermore, the defendant was not charged with the possession of a weapon or drugs under a statutory presumption (*see People v Robinson*, 38 AD3d 572 [2007]; *People v Ballard*, 16 AD3d at 698; *People v Bell*, 9 AD3d 492, 495 [2004]; *People v Poree*, 240 AD2d 597 [1997]).

To the extent that the defendant contends that the verdict was legally insufficient because the testimony of the complainant was incredible as a matter of law, that contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention in his pro se supplemental brief that he was deprived of the effective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 711-713 [1998]). Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.