■ In the Matter of TYHEEM W., a Person Alleged to be a Juvenile Delinquent, Appellant. [937 NYS2d 310]—

As a mere passenger, the appellant lacked standing to challenge the search of a lawfully stopped livery cab with respect to which he demonstrated no legitimate expectation of privacy (*see People v Robinson*, 38 AD3d 572, 573 [2007]; *People v Ballard*, 16 AD3d 697, 698 [2005]). Moreover, the appellant did not have automatic standing, since the presentment agency was not solely relying on the statutory presumption of Penal Law § 265.15 (3) (a) (*see People v Millan*, 69 NY2d 514, 520 [1987]; *People v Robinson*, 38 AD3d at 572; *People v Fredericks*, 234 AD2d 472, 473 [1996]; *People v Carter*, 199 AD2d 817, 819 [1993], *affd* 86 NY2d 721 [1995]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree, and that he committed two counts of unlawful possession of weapons by persons under 16 (*see* Penal Law § 265.00 [15]; § 265.03 [3]; § 265.05; *Matter of Macye Mc.*, 82 AD3d 892 [2011]; *Matter of Darnell C.*, 66 AD3d 771 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Darnell C.*, 66 AD3d 771 [2009]; *cf. People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.