People v Cohen (2014 NY Slip Op 06597)
People v Cohen
2014 NY Slip Op 06597
Decided on October 1, 2014
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and subject to revision before publication in the Official Reports.
Decided on October 1, 2014SUPREME COURT OF THE STATE OF NEW YORKAppellate Division, Second Judicial Department
MARK C. DILLON, J.P.
THOMAS A. DICKERSON
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2012-08328
 (Ind. No. 2828-09)

[*1]The People of the State of New York, respondent, 
v
Richard Cohen, appellant.
Salvatore C. Adamo, New York, N.Y., for appellant.
Thomas J. Spota, District Attorney, Riverhead, N.Y. (Michael J. Brennan of counsel), for respondent.
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered October 12, 2011, convicting him of grand larceny in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his statement to law enforcement officials. The evidence presented at the suppression hearing established that the defendant was properly advised of his Miranda rights, and that he knowingly, voluntarily, and intelligently waived them prior to making his statement (see Miranda v Arizona, 384 US 436; People v Hewitt, 82 AD3d 1119, 1120; People v Scrubb, 70 AD3d 1054).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
DILLON, J.P., DICKERSON, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court