SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1045
KA 14-01169
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TOMMY BRUNSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 2, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in denying his motion to suppress a handgun that was discovered following a traffic stop and inventory search of the vehicle defendant was operating. We reject that contention.

At the outset, we conclude that the police were justified in stopping the vehicle based upon defendant's failure to signal his intention to turn for the requisite distance before he turned the vehicle and entered the driveway of a private residence (*see* Vehicle and Traffic Law § 1163 [b]). To the extent defendant contends that the traffic stop was pretextual and thus unlawful, we reject that contention. It is well settled that a traffic stop is lawful where, as here, a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, regardless of the primary motivation of the officer (*see People v Robinson*, 97 NY2d 341, 349; *People v Binion*, 100 AD3d 1514, 1515, *lv denied* 21 NY3d 911).

We reject defendant's further contention that he did not abandon his expectation of privacy in the vehicle, and thus that the inventory search of the vehicle was unlawful and the gun should have been suppressed. After defendant stopped the vehicle in the driveway, he

exited the vehicle and fled the scene, and the police then conducted an inventory search and found a handgun on the floor of the vehicle. We conclude that the court properly denied defendant's suppression motion inasmuch as defendant's unprovoked flight from the vehicle constituted an abandonment of the vehicle and a waiver of any claim to a reasonable expectation of privacy therein (*see People v Gonzalez*, 25 AD3d 620, 621, *lv denied* 6 NY3d 833; *People v Hanks*, 275 AD2d 1008, 1008, *lv denied* 95 NY2d 964; *see generally People v Ramirez-Portoreal*, 88 NY2d 99, 110).

We also reject defendant's contention that he was deprived of effective assistance of counsel during the suppression hearing because his former attorney failed to present testimony from a tenant of the private residence where defendant stopped the vehicle to the effect that people unknown to the tenant frequently parked in the driveway. Such testimony would not have changed the outcome of the suppression hearing, and there can be no denial of effective assistance of counsel arising from defense counsel's failure to make an "argument that has little or no chance of success" (*People v Caban*, 5 NY3d 143, 152 [internal quotation marks omitted]). We have considered defendant's remaining claims of ineffective assistance of counsel, and we conclude that they are without merit.

Entered:  December 23, 2016                      Frances E. Cafarell
                                                 Clerk of the Court