People v Ethridge (2019 NY Slip Op 06162)





People v Ethridge


2019 NY Slip Op 06162


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-05587
 (Ind. No. 1292/15)

[*1]The People of the State of New York, respondent,
v
Jamel Ethridge, appellant.


Paul Skip Laisure, New York, NY (Leila Hull and Michael Arthus of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered May 9, 2017, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, criminal mischief in the fourth degree, criminal possession of a controlled substance in the seventh degree, unlawful fleeing a police officer in a motor vehicle in the third degree, reckless driving, aggravated unlicensed operation of a motor vehicle in the third degree, failing to stop at a steady red signal, driving a vehicle the wrong way on a one-way roadway, failing to stop at a stop sign, and operating a vehicle at an unreasonable speed, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joel L. Blumenfeld, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Prior to entering his plea of guilty, the defendant moved, among other things, to suppress a gun that was recovered by a police officer during a search of the rental car that the defendant had been driving.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun that was recovered from the vehicle. As the People correctly contend, the evidence they presented at the suppression hearing established that the defendant abandoned the vehicle when, after crashing it into several parked cars, he fled from the scene of the accident, leaving the driver's side door open and the keys in the ignition, thereby undermining any claim he may have had to an expectation of privacy in the vehicle or its contents (see People v Layou, 159 AD3d 1413, 1414; People v Brunson, 145 AD3d 1476, 1477; People v Gonzalez, 25 AD3d 620, 621). Accordingly, the defendant lacked standing to challenge the search of the vehicle and the subsequent seizure of the gun (see People v White, 153 AD3d 1369, 1370; People v Oliver, 39 AD3d 880, 880-881).
In light of our determination, we need not address the parties' remaining contentions.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court