People v Ross (2020 NY Slip Op 04274)





People v Ross


2020 NY Slip Op 04274


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


700 KA 13-01177

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHEEN ROSS, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered March 15, 2013. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon (CPW) in the second degree (Penal Law § 265.03 [3]) and CPW in the third degree (§ 265.02 [1]). The charges arose from the seizure by police officers of a loaded firearm following the stop of a vehicle in which defendant was a passenger. Defendant moved, inter alia, to suppress the firearm as the fruit of illegal police conduct. The evidence at the suppression hearing established that the parole officer of a confidential informant provided the police with a tip that two individuals would be in a specified area in a silver or gray Pontiac and would have a firearm in the vehicle. Two police officers drove to the area and located a vehicle that matched the description provided. The police stopped the vehicle based on an apparent violation of Vehicle and Traffic Law § 1163 (b). After the stop, a police officer spoke to defendant, who "was very slow to answer" routine questions and whose "[h]ands were shaking and twitching as [he] was speaking" to the officer. The officer directed defendant to exit the vehicle and then grabbed defendant's hands, holding them behind his back. When the officer attempted to pat frisk defendant, he broke free and fled. The officers pursued him and, during the chase, defendant discarded a firearm. The officers eventually caught and arrested defendant. The abandoned firearm was recovered shortly thereafter.
Defendant contends that County Court erred in refusing to suppress the firearm. We reject that contention and conclude that the police conduct was justified in its inception and at every subsequent stage of the encounter leading to defendant's arrest (see generally People v De Bour, 40 NY2d 210, 222-223 [1976]). Contrary to defendant's contention, the vehicle in which defendant was riding was lawfully stopped based upon the police officers' observations of a Vehicle and Traffic Law violation (see People v Brunson, 145 AD3d 1476, 1477 [4th Dept 2016], lv denied 29 NY3d 947 [2017]). Defendant does not dispute that the officers were thereafter entitled to direct defendant to exit the vehicle as a precautionary measure (see People v Ford, 145 AD3d 1454, 1455 [4th Dept 2016], lv denied 29 NY3d 997 [2017]). Defendant contends, however, that the officers did not have the authority to attempt a pat frisk inasmuch as they lacked the requisite basis to suspect that he was concealing a weapon or that the officers were otherwise in danger. We also reject that contention. Given the evidence at the suppression hearing, we agree with the court that "the officers were authorized to conduct a pat frisk of defendant after he exited the vehicle based on defendant's suspicious and furtive conduct, as well as the information from the confidential informant that they received via [the] parole officer" (see People v Goodson, 85 AD3d 1569, 1569-1570 [4th Dept 2011], lv denied 17 NY3d 953 [2011]; see also People v Santiago, 142 AD3d 1390, 1391 [4th Dept 2016], lv denied 28 NY3d 1127 [*2][2016]; People v Fagan, 98 AD3d 1270, 1271 [4th Dept 2012], lv denied 20 NY3d 1061 [2013], cert denied 571 US 907 [2013]). We further conclude, upon our review of the sealed transcript of the Darden hearing, that the court properly determined that the confidential informant existed and that he provided the information to his parole officer, which was conveyed to the police officers, concerning the presence of a firearm in the vehicle occupied by defendant at the specified location (see People v Jones, 149 AD3d 1580, 1581 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]).
Defendant's further contention that the police were not permitted to pursue him is similarly without merit. "Although [f]light alone is insufficient to justify pursuit . . . , a defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion" (People v Harmon, 170 AD3d 1674, 1675 [4th Dept 2019], lv denied 34 NY3d 932 [2019] [internal quotation marks omitted]; see also People v Holmes, 81 NY2d 1056, 1058 [1993]). Here, defendant's flight, combined with the other circumstances described above, i.e., the confidential informant's tip and defendant's behavior, "provided the officer[s] with reasonable suspicion permitting pursuit" (Harmon, 170 AD3d at 1675; see People v Woods, 98 NY2d 627, 628-629 [2002]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court