◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BERNARD MITCHELL, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN CUFF, Respondent. [621 NYS2d 581] —Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered July 28, 1993, which granted the defendants' motion to suppress cocaine and over $5,000 in cash, unanimously reversed, on the law, the indictment is reinstated and the matter is remanded for further proceedings.

The hearing court correctly concluded that the defendants, who were travelling in a car with illegally tinted windows, were lawfully stopped by the arresting officers *(People v Ingle, 36 NY2d 413)*. Having credited the arresting officer's testimony, that he asked defendant Cuff if he could "look through" the car, and that Cuff consented to a search of the automobile, by stating "you can look through anything you want. It's not my car", the hearing court erred in concluding that the officer's search of the vehicle exceeded the scope of the consent given by defendant Cuff. We note that the officer's

request to search the vehicle came after discovering that Cuff had no driver's license and that the car was not owned by either Cuff or Mitchell, and seeing that the back seat and a rear headrest were oddly positioned.

"The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *(Florida v Jimeno,* 500 US 248, 251.) "The scope of a search is generally defined by its expressed object." *(Supra,* at 251.) In this case the phrase to "look through" the automobile can only be reasonably understood to request more · than permission to conduct a visual inspection; it was clearly a request to search the car *(United States v Rich,* 992 F2d 502, 506, *cert denied* — US —, 114 S Ct 348). The defendant, a former Housing Police Officer who testified at the hearing that he knew the consequences of the discovery of contraband in the car, placed no limitation whatsoever on the search of the automobile, and voiced no objection while the arresting officer searched the back seat *(see, United States v Martel-Martines,* 988 F2d 855, 858). Concur—Kupferman, J. P., Ross, Williams and Tom, JJ.