■ The People of the State of New York, Respondent, v Felix Gomez, Appellant. [782 NYS2d 744]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J., at hearing; John A.K. Bradley, J., at plea and

sentence), rendered July 15, 2003, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 7 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The People met their burden of establishing that defendant voluntarily consented to a search of his car (*see People v Gonzalez*, 39 NY2d 122 [1976]). The circumstances were not coercive, and the record supports the court's finding that the officer spoke Spanish well enough to communicate with defendant in that language with regard to his consent to the officer's search. In view of defendant's failure to place any limitations on the search, and his failure to object to the search as it was conducted, we conclude that the officer did not exceed the scope of defendant's consent when he searched in the area of a hidden compartment (*see People v Mitchell*, 211 AD2d 553 [1995], *lv denied* 86 NY2d 738 [1995]). Concur—Nardelli, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.