THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEMEL G. RICHARDSON, Appellant. [810 NYS2d 759]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered June 4, 2003. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). The sole contention of defendant on appeal is that County Court erred in denying his motion to suppress crack cocaine seized from his person following the stop of a vehicle in which defendant was a passenger. The court was entitled to credit the testimony of the police officer at the suppression hearing in determining that the officer validly stopped the vehicle based upon the officer's observation of a violation of the Vehicle and Traffic Law (*see People v Robinson*, 97 NY2d 341, 349-356 [2001]; *see also People v Sobotker*, 43 NY2d 559, 563-564 [1978]; *People v Ingle*, 36 NY2d 413, 414-415 [1975]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Upon lawfully stopping the vehicle, the officer was entitled to order the driver and passengers to leave the vehicle (*see People v Mundo*, 99 NY2d 55, 58 [2002]; *People v Robinson*, 74 NY2d 773, 775 [1989], *cert denied* 493 US 966 [1989]; *see also Pennsylvania v Mimms*, 434 US 106, 110-111 [1977]). The officer first confronted defendant after the driver stated that defendant had admitted to the driver that defendant was in possession of drugs, at which time the officer had reasonable suspicion of criminal activity on the part of defendant. "Reasonable suspicion represents that 'quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand' " (*People v Martinez*, 80 NY2d 444, 448 [1992]; *see People v Cantor*, 36 NY2d 106, 112-113 [1975]). Based on that reasonable suspicion, the officer was authorized to detain defendant at the scene and to engage in

"accusatory questioning" of him (*People v Dunbar*, 5 NY3d 834, 835 [2005]; *see People v Hicks*, 68 NY2d 234, 237-238 [1986]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *see also* CPL 140.50 [1]; *see generally People v Hollman*, 79 NY2d 181, 191-192 [1992]).

In response to such questioning, defendant denied that he possessed anything illegal, and stated to the officer, "You can search me." The court properly concluded that defendant thereby voluntarily consented to a search of his person and that the search that ensued did not exceed the scope of his consent (*see People v Calvo*, 1 AD3d 605 [2003], *lv denied* 2 NY3d 738 [2004]; *People v Mitchell*, 211 AD2d 553 [1995], *lv denied* 86 NY2d 738 [1995]; *People v Jakubowski*, 100 AD2d 112, 116-118 [1984]; *see generally Florida v Jimeno*, 500 US 248, 251 [1991]; *People v Gomez*, 5 NY3d 416, 419-420 [2005]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.