■ The People of the State of New York, Respondent, v Jose A. Rosario, Appellant. [881 NYS2d 788]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered January 4, 2006 [1886]. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). By pleading guilty before obtaining a final order ruling on his contention that the canine sniff of the exterior of his codefendant's vehicle was unlawful, defendant forfeited his right to challenge the validity of that canine sniff (*see People v Fernandez*, 67 NY2d 686, 688 [1986]; *People v Whitehurst*, 291 AD2d 83, 87 [2002], *lv denied* 98 NY2d 642 [2002]). Although CPL 710.70 (2) provides that "[a]n order finally denying a motion to suppress evidence

may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty," that statute does not apply inasmuch as no final order was issued.

In any event, we conclude that defendant, who was a mere passenger in his codefendant's vehicle, lacks standing to contest the canine sniff of the vehicle inasmuch as he failed to show that he had a reasonable expectation of privacy in either the codefendant's vehicle or the drugs seized therefrom (*see generally People v Tejada*, 81 NY2d 861, 862 [1993]; *People v Cheatham*, 54 AD3d 297, 299 [2008], *lv denied* 11 NY3d 854 [2008]; *People v Hooper*, 245 AD2d 1020 [1997]). The record does not support defendant's contention that the crime charged was founded solely on the statutory presumption set forth in Penal Law § 220.25 (1). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.