■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM YOUNG, Appellant. [901 NYS2d 556]—Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 5, 2009. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled

substance in the fourth degree, attempted burglary in the third degree, criminal mischief in the fourth degree, resisting arrest and obstructing governmental administration in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a nonjury trial of, inter alia, criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and attempted burglary in the third degree (§§ 110.00, 140.20), defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to move for a trial order of dismissal. "We reject that contention, inasmuch as such [a] . . . motion would have had no chance of success" (*People v Brown*, 67 AD3d 1369, 1370 [2009]; *see People v Webb*, 60 AD3d 1291, 1292 [2009], *lv denied* 12 NY3d 930 [2009]), and "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument' that has little or no chance of success" (*People v Caban*, 5 NY3d 143, 152 [2005]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

Finally, we note that the certificate of conviction misspells defendant's name, and incorrectly recites that defendant was convicted of a class B felony under the second count of the indictment and was sentenced to an indeterminate term of imprisonment with a minimum of 1½ years under the third count of the indictment. The certificate of conviction therefore must be amended to include the proper spelling of defendant's name, and to recite that defendant was convicted of a class C felony under the second count of the indictment and was sentenced to an indeterminate term of imprisonment with a minimum of 1⅓ years under the third count of the indictment (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present— Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.