THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROWN, Appellant. [937 NYS2d 230]—

The hearing court properly denied defendant's suppression motion in all respects. During a lawful traffic stop, an officer asked defendant if there was anything in the car the officer should know about, and, after an initial denial, defendant admitted he possessed marijuana. This statement was not subject to suppression for lack of *Miranda* warnings, because defendant was not in custody for *Miranda* purposes (*see Berkemer v Mc-*

*Carty*, 468 US 420, 436-440 [1984]; *People v Bennett*, 70 NY2d 891 [1987]; *People v Feili*, 27 AD3d 318 [2006], *lv denied* 6 NY3d 894 [2006]). The stop was not unduly prolonged, and the officer's repetition of the question did not transform the inquiry into custodial interrogation.

Defendant did not preserve his argument concerning the possibility that he had been taken into custody under an outstanding bench warrant before he made the statement, and we decline to review it in the interest of justice. As an alternative holding, we find that the hearing evidence shows that defendant made the statement before the officer told him about the open warrant.

Defendant's claims of ineffective assistance of counsel, including those raised in his pro se brief, are not reviewable on direct appeal and would require a further record to be developed by way of a CPL 440.10 motion (*see People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). In particular, defendant asserts that his counsel should have moved to reopen the suppression hearing based on trial testimony allegedly suggesting that the officer told defendant about the open warrant before defendant admitted possessing marijuana. However, the trial testimony in this regard was ambiguous at best. Regardless of whether counsel should have moved to reopen the hearing, defendant has not established that reopening would have led to suppression of the statement, or that even if counsel obtained suppression of the statement on *Miranda* grounds, he would have also obtained suppression of the pistol that was recovered as a result of the statement (*cf. United States v Patane*, 542 US 630 [2004]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The circumstances, viewed in light of the statutory presumption of possession by all occupants of a vehicle (*see* Penal Law § 265.15 [3]), support the inference that defendant knowingly possessed the pistol found in the car.

The trial court appropriately exercised its discretion in denying defendant's request for an adverse inference instruction concerning the People's failure to preserve taped police radio communications. There was no bad faith or lack of diligence on the part of the People, and defendant was not prejudiced in that he was furnished with the Sprint report, which afforded him sufficient opportunity for impeachment (*see e.g. People v*

*Marengo*, 276 AD2d 358, 359 [2000], *lv denied* 95 NY2d 936 [2000]). Defendant's claim that the actual recording would have had additional value is speculative. For the same reasons, we also reject defendant's argument that the hearing court should have drawn an adverse inference from the loss of the tapes. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.