■ The People of the State of New York, Respondent, v Victor Hurt, Appellant. [940 NYS2d 645]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 10, 2010, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 2½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant sought to enter a homeless shelter that required all entrants to be searched via metal detectors, and that their belongings pass through X-ray machines to search for contraband, such as weapons or drugs. Defendant first set off the walk-through magnetometer, and a handheld scanner subsequently alerted a Department of Homeless Services officer to the presence of something in defendant's waistband.

Defendant complied with the officer's request to lift up his shirt, which revealed a black plastic bag tucked into defendant's waistband. At that point, defendant turned his body slightly away from the officer. The officer took the bag, and felt it without being able to determine its contents. When defendant did not answer the officer's question about the contents of the bag, the officer opened it and found a large quantity of drugs.

Defendant had lodged at the shelter on at least four other occasions, and the arresting officer had personally observed him standing on line to be searched on at least two previous occasions. Accordingly, the evidence showed that defendant was knowledgeable of the search requirements, but he nevertheless tried to enter the facility. Persons with notice of an impending security checkpoint search who nonetheless seek entry relinquish any reasonable expectation of privacy and impliedly consent to the search (*People v Rincon*, 177 AD2d 125, [1992], *lv denied* 79 NY2d 1053 [1992]).

We reject defendant's argument that his implied consent was

limited to the magnetometer search. When a person sets off a magnetometer by passing through it, the person can reasonably expect that security personnel will not permit entry into the restricted premises without taking whatever measures are necessary to find out what triggered the magnetometer. Otherwise, the magnetometer would have little value.

Since defendant never abandoned his attempt to enter the shelter, he implicitly consented to an expanded search. Defendant was free to cut off the search by turning around and walking out. The officer did nothing to suggest otherwise, and defendant never indicated that he no longer wished to enter.

Furthermore, defendant's attempt to avoid the X-ray machines by sneaking the bag into the facility on his person, along with the officer's awareness that the magnetometer and handheld scanner had most likely been set off by something metallic in the bag, created a reasonable suspicion of criminal activity. Since touching the bag was insufficient to determine if it contained a weapon, especially a small weapon such as a razor blade, it was reasonable for the officer to remove it from defendant's grabbable area and search it (*see People v Brooks*, 65 NY2d 1021, 1023 [1985]).

Defendant's remaining suppression arguments are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ.