■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN VASQUEZ, Appellant. [941 NYS2d 853]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered August 4, 2009, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Molea, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, since the police had probable cause to arrest him, the search of his person was lawful as incident to that arrest (*see People v Inge*, 90 AD3d 675 [2011]; *People v Blinker*, 80 AD3d 619 [2011]).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484,

492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel. The record as a whole demonstrates that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contention is without merit. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.