SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**102**
**KA 11-01952**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ALVONSEY MANIGUALT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HARRIS BEACH PLLC, PITTSFORD (ALLISON A. BOSWORTH OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered August 3, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant was a passenger in a vehicle stopped by the police for a traffic infraction, and the police arrested defendant upon observing the weapon in plain view when defendant exited the vehicle. Within 30 days of defendant's arrest, defense counsel obtained a subpoena for video footage from a police camera located in the vicinity of the traffic stop, but it was not supplied. Defendant moved to suppress the evidence recovered as the result of the traffic stop and, at the suppression hearing, there was no explanation for the unavailability of the video footage. Defense counsel requested an adverse inference, i.e., that the video footage would have been favorable to the defense, due to its unavailability despite a prompt subpoena. County Court denied defendant's suppression motion without mentioning whether it applied the requested adverse inference.

At the outset, we reject the People's contention that defendant's plea of guilty precludes him from challenging the denial of his suppression motion inasmuch as the record establishes that the court decided his motion before he entered his guilty plea (*see* CPL 710.70 [2]; *People v Elmer*, 19 NY3d 501, 509-510; *cf. People v Rosario*, 64 AD3d 1217, 1217-1218, *lv denied* 13 NY3d 941), and defendant conditioned his plea upon his ability to appeal the denial of his

suppression motion (*cf. People v Kemp*, 94 NY2d 831, 833).

Defendant failed to preserve for our review his present contention that the court erred in failing to preclude the police officers' testimony at the suppression hearing as a sanction for loss of the video footage, inasmuch as he did not request any remedy other than an adverse inference (*see People v Anonymous*, 38 AD3d 438, 438-439, *lv denied* 8 NY3d 981; *see also People v Johnson*, 114 AD3d 1132, 1133, *lv denied* 24 NY3d 961). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Defendant was entitled to a permissive adverse inference under these circumstances (*cf. People v Brown*, 92 AD3d 455, 456-457, *lv denied* 18 NY3d 955; *see generally People v Handy*, 20 NY3d 663, 669), and we conclude that the court is presumed to have rendered its decision upon that appropriate legal criteria (*see People v Lucas*, 291 AD2d 890, 890-891; *see generally People v Moreno*, 70 NY2d 403, 406). Finally, we conclude that the court did not err in nevertheless crediting the testimony of the police officers (*see generally People v Richardson*, 27 AD3d 1168, 1169).

Entered: February 13, 2015                         Frances E. Cafarell
                                                    Clerk of the Court