# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

392

KA 11-00290

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JARRETT T. WHITE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 16, 2010.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), defendant contends that County Court erred in refusing to suppress the drugs seized from his person because he was subject to an illegal search, and that his statements to a police investigator should have been suppressed as the fruits of that illegal search.  We conclude that the court properly denied that part of defendant's omnibus motion seeking to suppress the physical evidence and statements.

In March 2010, defendant attempted to enter the Hall of Justice in Rochester.  The security measures at the Hall of Justice required that all entrants be searched via metal detectors, and that their personal belongings pass through an X-ray machine to search for weapons and other contraband.  During his entry to the Hall of Justice, defendant set off the walk-through magnetometer, and a subsequent scan of his person by a hand scanner operated by a Monroe County Sheriff's Deputy indicated that there was metal in the area of defendant's crotch.  When asked if he had any metal on his person, defendant gave an illogical and unlikely explanation, and began to act in a nervous manner.  Defendant was scanned twice more by the hand scanner, which continued to indicate the presence of metal in the same

location inside defendant's pants.  After a pat frisk revealed no observable weapon on defendant's person, defendant was handcuffed and escorted to an adjacent private room by two deputies.  There, one of the deputies helped defendant pull down his pants "just below the waist area," and a "gold-covered foil package" containing drugs was retrieved from a seam in defendant's long underwear.

The evidence at the suppression hearing established that prospective entrants into the Hall of Justice were warned by postings that "anybody entering the building [was] subject to be[ing] searched," and that, prior to submitting to the security procedures, defendant would have been able to see individuals in line ahead of him passing through the magnetometer and placing their belongings on the X-ray machine.  Thus, inasmuch as defendant had notice of the impending security checkpoint and search, we conclude that he relinquished any reasonable expectation of privacy and impliedly consented to the search by seeking entry into the Hall of Justice (*see People v Hurt*, 93 AD3d 617, 617, *lv denied* 19 NY3d 962; *People v Rincon*, 177 AD2d 125, 127, *lv denied* 79 NY2d 1053; *see also People v Price*, 54 NY2d 557, 563).

We further conclude that defendant did not revoke his consent to the search, and that his implied consent was limited neither to the initial scans by the walk-through magnetometer and hand scanner nor to the subsequent pat frisk.  " 'The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect' " (*People v Gomez*, 5 NY3d 416, 419, quoting *Florida v Jimeno*, 500 US 248, 251).

Here, defendant was warned before walking through the magnetometers that he could be subject not just to a pat frisk, but to a search.  Given a reasonable person's knowledge of the increased security measures in government buildings in the past decade and the notifications posted for entrants into the Hall of Justice, we conclude that a reasonable person would have understood that the impending search could involve more than a pat frisk if the initial magnetometer scans indicated the presence of metal on his or her person (*see Hurt*, 93 AD3d at 617-618; *see generally Gomez*, 5 NY3d at 419).  We therefore further conclude that the deputies' search of defendant's person did not exceed the scope of defendant's implied consent.

Defendant's contention that the opening of the foil package, once it was removed from his person, was a separate, improper search incident to an arrest is unpreserved for our review because defendant failed to raise that contention in his omnibus motion or before the suppression court (*see generally People v Turner*, 96 AD3d 1392, 1393, *lv denied* 19 NY3d 1002).  In any event, that contention has no merit. As defendant correctly concedes, he was not under arrest when he was taken to the adjacent room.  Moreover, inasmuch as defendant impliedly consented to a search of his person and belongings before entering the Hall of Justice, and did not revoke said consent before the deputies

opened the foil package, we conclude that the deputies' opening of the package to check if it contained a small weapon, such as a razor blade, was not improper (*see Hurt*, 93 AD3d at 618; *Rincon*, 177 AD2d at 129).

Finally, inasmuch as the search was lawful, there is no basis for suppressing defendant's subsequent statements to a police investigator as the fruits of an illegal search (*see People v John*, 119 AD3d 709, 710, *lv denied* 24 NY3d 1003; *People v Palmeri*, 272 AD2d 968, 969, *lv denied* 95 NY2d 967).

Entered:  May 8, 2015                    Frances E. Cafarell
                                         Clerk of the Court