■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE BOWERS, Appellant. [15 NYS3d 698]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered April 15, 2011, convicting him of robbery in the first degree (10 counts), and robbery in the second degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, considering all of the available facts and circumstances, the police possessed probable cause to arrest the defendant (see People v Bigelow, 66 NY2d 417, 423 [1985]). Therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence obtained after his arrest (see People v Vasquez, 94 AD3d 915 [2012]; People v Francis, 44 AD3d 788, 789 [2007]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of 10 counts of robbery in the first degree and five counts of robbery in the second degree under an accomplice theory of liability beyond a reasonable doubt (*see People v Cabrera*, 85 AD3d 942 [2011]; *People v Ramos*, 74 AD3d 991, 992 [2010]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not entitled to an adverse inference charge based upon an alleged violation of *Brady v Maryland* (373 US 83 [1963]). Under the circumstances of this case, the defendant did not exercise reasonable due diligence in obtaining the recording of the 911 call he made at the time of the incident (*see People v Handy*, 20 NY3d 663 [2013]; *cf. People v Manigualt*, 125 AD3d 1480 [2015]; *People v Singh*, 5 AD3d 403 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

In his pro se supplemental brief, the defendant challenges the sufficiency of the evidence presented to the grand jury. "Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the issue of whether a prima facie case was presented to the grand jury" (*People v Folkes*, 43 AD3d 956, 957 [2007]; *see* CPL 210.30 [6]; *People v Parker*, 74 AD3d 1365, 1366 [2010]). Balkin, J.P., Roman, Maltese and Barros, JJ., concur.