◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEMAR WALLACE, Appellant. [62 NYS3d 242]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 14, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of marihuana in

the first degree (Penal Law § 221.30) defendant contends that County Court erred in refusing to suppress the subject marihuana and his statements to police. Even assuming, arguendo, that the court's description of the plea agreement did not amount to a sentencing commitment and thus that defendant's purported waiver of the right to appeal is unenforceable for lack of consideration (*see People v Mitchell*, 147 AD3d 1361, 1362 [2017]; *People v Crump*, 107 AD3d 1046, 1047 [2013], *lv denied* 21 NY3d 1014 [2013]; *cf. People v Deprosperis*, 132 AD3d 692, 693 [2015], *lv denied* 26 NY3d 1108 [2016]), we nevertheless affirm the judgment.

The police officer who stopped the vehicle in which defendant was a passenger was entitled to do so upon observing that the vehicle was traveling with its taillights off at night, in violation of the Vehicle and Traffic Law (*see* § 375 [2] [a] [3]), even if the officer's primary motivation may have been to investigate some other matter (*see People v Robinson*, 97 NY2d 341, 348-349 [2001]; *People v Cuffie*, 109 AD3d 1200, 1201 [2013], *lv denied* 22 NY3d 1087 [2014]; *People v Donaldson*, 35 AD3d 1242, 1242-1243 [2006], *lv denied* 8 NY3d 984 [2007]). There is no basis to disturb the court's determination to credit the officer's testimony that the vehicle's taillights were off (*see People v Frazier*, 52 AD3d 1317, 1317 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Richardson*, 27 AD3d 1168, 1169 [2006]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Defendant, as a mere passenger in the vehicle, failed to establish standing to challenge the ensuing search of the vehicle that resulted in the discovery of the marihuana (*see People v Rosario*, 64 AD3d 1217, 1218 [2009], *lv denied* 13 NY3d 941 [2010]; *People v Robinson*, 38 AD3d 572, 573 [2007]). Contrary to defendant's contention, he did not have automatic standing inasmuch as the People's theory of possession was not based on the statutory automobile presumption (*see Robinson*, 38 AD3d at 573; *cf.* Penal Law § 220.25 [1]; *People v Millan*, 69 NY2d 514, 518-519 [1987]), which does not apply to marihuana offenses (*see People v Dan*, 55 AD3d 1042, 1043-1044 [2008], *lv denied* 12 NY3d 757 [2009]; *People v Gabbidon*, 40 AD3d 776, 777 [2007]).

Inasmuch as defendant has not established that the stop or search was unlawful, his statements are not subject to suppression as the fruit of illegal police conduct (*see People v Feliciano*, 140 AD3d 1776, 1777 [2016], *lv denied* 28 NY3d 1027 [2016]; *People v White*, 128 AD3d 1457, 1460 [2015], *lv denied* 26 NY3d 1012 [2015]; *cf. People v Mobley*, 120 AD3d 916, 919 [2014]). Furthermore, the statements that he made

during the traffic stop were not obtained in violation of his *Miranda* rights because he "was not in custody for *Miranda* purposes" at that time (*People v Feili*, 27 AD3d 318, 319 [2006], *lv denied* 6 NY3d 894 [2006]; *see People v Bennett*, 70 NY2d 891, 893-894 [1987]; *People v Shelton*, 111 AD3d 1334, 1336-1337 [2013], *lv denied* 23 NY3d 1025 [2014]). To the extent that defendant challenges the validity of his *Miranda* waiver with respect to his later statements at the police station, we conclude that he implicitly waived his rights by agreeing to speak to an investigator after he had received *Miranda* warnings from the arresting officer and confirmed that he understood his rights (*see People v Davis*, 55 NY2d 731, 733 [1981]; *People v Harris*, 129 AD3d 1522, 1523 [2015], *lv denied* 27 NY3d 998 [2016]; *see also People v Nunez*, 176 AD2d 70, 72 [1992], *affd* 80 NY2d 858 [1992]).

Finally, we note that the certificate of conviction incorrectly recites that criminal possession of marihuana in the first degree is a class E felony, and it must therefore be amended to reflect that defendant was convicted of a class C felony (*see* Penal Law § 221.30; *People v Young*, 74 AD3d 1864, 1865 [2010], *lv denied* 15 NY3d 811 [2010]). Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.