People v Withrow (2019 NY Slip Op 01975)





People v Withrow


2019 NY Slip Op 01975


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1265 KA 16-00918

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CALVIN WITHROW, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CALVIN WITHROW, DEFENDANT-APPELLANT PRO SE. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered May 24, 2016. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law
§ 160.10 [2] [a]). The conviction arose from an early morning incident in which the victim, having reached her front porch after walking home from her night-shift job, was accosted from behind by a man who put his arm around her neck. The victim testified that, as the man pulled her backward off the porch, he tugged at a bag that was strapped across her body and told her to give it to him. While yelling for help, the victim pulled a box cutter from the bag and slashed at the man's arm until she fell to the ground and dropped it. The man then punched the victim several times, slammed her head against some garden pavers, and pulled the bag away. He placed the bag on the ground nearby and turned back, ripping the victim's pants open. A neighbor then came outside, yelling that she had called the police, which prompted the man to flee. Police later recovered a wallet at the scene containing defendant's identification and other personal effects. Expert testimony at trial linked DNA evidence recovered from the victim's clothes and the box cutter to defendant.
Addressing defendant's contentions in his main brief first, we conclude that the evidence is legally sufficient to support the conviction inasmuch as there is a "valid line of reasoning and permissible inferences that could lead a rational person to conclude that every element of the charged crime has been proven beyond a reasonable doubt" (People v Delamota, 18 NY3d 107, 113 [2011]). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, the jury was justified in inferring, based on the victim's testimony, that defendant intended to deprive her of her bag or to appropriate it to himself (see Penal Law § 155.05 [1]; see generally People v Arroyo, 54 NY2d 567, 578 [1982], cert denied 456 US 979 [1982]; People v Cooper, 134 AD3d 1583, 1584-1585 [4th Dept 2015]). Moreover, the victim's testimony was corroborated by physical evidence (see generally People v Hurlbert, 81 AD3d 1430, 1432 [4th Dept 2011], lv denied 16 NY3d 896 [2011]). To the extent that her testimony was inconsistent with a prior statement that she made to the police, any inconsistencies merely presented issues of credibility for the jury to resolve (see e.g. People v Brown, 166 AD3d 1582, 1582 [4th Dept 2018], lv denied — NY3d — [Jan. 23, 2019]; People v Odums, 121 AD3d 1503, 1503-1504 [4th Dept 2014], lv denied 26 NY3d 1042 [2015]; People v Harris, 15 AD3d [*2]966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005]), and we see no reason to disturb its determinations here.
We further reject defendant's contention that he was denied effective assistance of counsel at trial. Although defense counsel demonstrated some confusion regarding the procedure for impeaching a witness with a prior inconsistent statement, she nevertheless effectively cross-examined both the victim and a police detective with respect to the victim's prior statement to the police. To the extent that defendant contends that defense counsel was ineffective for failing to exercise her own professional judgment and instead relying on defendant's judgment, that contention involves matters outside the record on appeal and must be raised by way of a motion pursuant to CPL article 440 (see generally People v McClary, 162 AD3d 1582, 1583 [4th Dept 2018]). With respect to the remaining instances of alleged ineffective assistance of counsel at trial, we conclude that defendant received meaningful representation (see id.; see generally People v Baldi, 54 NY2d 137, 147 [1981]). Indeed, we conclude that defense counsel, through her opening and closing statements and cross-examination of witnesses, pursued "a reasonable and legitimate [defense] strategy under the circumstances and evidence presented" (People v Benevento, 91 NY2d 708, 713 [1998]; see People v Roberts, 111 AD3d 1308, 1309 [4th Dept 2013], lv denied 23 NY3d 967 [2014]).
Contrary to defendant's additional contentions, his sentence is not unduly harsh or severe, and he was not denied effective assistance of counsel at sentencing. Given the violent nature of the crime, his criminal history, and his lack of remorse, we decline defendant's request to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]; see also People v Smart, 100 AD3d 1473, 1475 [4th Dept 2012], affd 23 NY3d 213 [2014]). We reject defendant's contention that his mental health disorders, for which he was receiving treatment, warrant such a reduction (cf. People v Jagnjic, 85 AD2d 135, 138 [1st Dept 1982]), and we also reject his contention that defense counsel was ineffective for not advancing any argument at sentencing concerning his mental health disorders inasmuch as such an argument would have had " little or no chance of
success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]).
We have reviewed the contentions raised in defendant's pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Finally, we note that the certificate of conviction incorrectly recites that robbery in the second degree is a class B felony and that defendant was sentenced as a second felony offender, and the certificate must therefore be amended to reflect that defendant was convicted of a class C felony (see Penal Law § 160.10; People v Wallace, 153 AD3d 1632, 1634 [4th Dept 2017]) and sentenced as a second violent felony offender (see People v Mobayed, 158 AD3d 1221, 1223 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court