People v Harley (2020 NY Slip Op 05823)





People v Harley


2020 NY Slip Op 05823


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Ind No. 1608/12 Appeal No. 12078 Case No. 2016-1985 

[*1]The People of the State of New York, Respondent,
v
Haashim Harley, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith S. Lieb, J.), rendered March 6, 2015, convicting defendant, after a jury trial, of robbery in the first degree and assault in the second degree, and sentencing him to an aggregate term of 10 years, and order, same court and Justice, entered on or about May 10, 2019, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court providently exercised its discretion in denying, without a hearing, defendant's motion to vacate the judgment on the basis of newly discovered evidence. In the first place, it is undisputed that shortly after defendant's arrest, defense counsel interviewed the witness at issue, who then lived in the same building where the crime occurred and where both defendant and the victim lived. Defendant has not demonstrated that the witness should be considered newly discovered within the meaning of the statute (CPL 440.10[1][g]). Furthermore, regardless of whether the witness's proposed testimony constitutes newly discovered evidence, it was not "of such character as to create a probability that had [it] been received at the trial the verdict would have been more favorable to the defendant" (id.). At most, the witness's testimony would only have been vaguely exculpatory, by suggesting a circumstantial inference that two unidentified men she saw leaving the building at an unspecified time, neither of whom was defendant, may have been the actual assailants. This inference was too tenuous to create the required "probability" of a different verdict. Because defendant failed to establish a legal basis for the motion under CPL 440.10(1)(g), the court providently exercised its discretion under CPL §440.30(4)(a), in determining that no hearing was required (see People v Brown, 56 NY2d 242, 247 [1982]; People v Velazquez, 143 AD3d 126, 131—132 [1st Dept 2016], lv denied 28 NY3d 1189 [2016]; see also People v Rosales, 175 AD3d 1184, 1185 [1st Dept 2019], lv denied 34 NY3d 1081 [2019]).
The court also properly denied the branch of the motion relating to the grand jury presentation, on the ground that it should have been raised on direct appeal (CPL440.10[2][b]), and alternatively on the merits. To the extent defendant now asserts his grand jury claim as part of his direct appeal, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing (see People v Lancaster, 69 NY2d 20, 25-26 [1986], cert denied 480 US 922 [1987]; People v Morel, 131 AD3d 855, 859-60 [1st Dept 2015], lv denied 26 NY3d 1147 [2016]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The evidence supports the conclusion that defendant and another man assaulted the victim and took his property.
The court providently exercised its discretion in denying defendant's request for an adverse inference instruction regarding an inadvertently destroyed 911 tape. Defendant was not prejudiced because the Sprint report afforded him sufficient opportunity to impeach the victim's testimony, and it was read into the record (see People v Brown, 92 AD3d 455, 456 [1st Dept 2012], lv denied 18 NY3d 955 [2012]). To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020